IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY A. JOHNSON,**

      **Plaintiff,**

v.                                   CIVIL ACTION NO. 2:21-cv-380
                                          (Related Case No. 20-C-657, Circuit
                                          Court of Kanawha County, West
                                          Virginia)

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS;
WEST VIRGINIA UNIVERSITY
MEDICAL CORPORATION, D/B/A
UNIVERSITY HEALTH ASSOCIATES
– WEST VIRGINIA EYE INSTITUTE;
WEST VIRGINIA UNIVERSITY HOSPITALS, INC.;
GHASSAN GHORAYEB, M.D.;
LINGO LAI, M.D.**

      **Defendants.**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Ghassan Ghorayeb, M.D. and Lingo Lai, M.D., with the consent[1] of Defendants West Virginia University Board of Governors ("WVUBOG"), West Virginia University Medical Corporation, d/b/a University Health Associates, and West Virginia University Hospitals, Inc. (collectively referred to as "Defendants"), hereby remove this action from the Circuit Court of Kanawha County, West Virginia, the Court in which this action was initiated, to the United States District Court for the Southern District of West Virginia. In support of removal, Defendants Ghassan Ghorayeb, M.D. and Lingo Lai, M.D. submit the following:

---

[1] Though consent of all Defendants is not a prerequisite for removal of this action based upon federal question, all Defendants have consented to removal.

I. **BACKGROUND AND PROCEDURAL HISTORY**

1. On August 5, 2020, Plaintiff Timothy A. Johnson (hereinafter "Plaintiff") filed a medical negligence action in the Circuit Court of Kanawha County, West Virginia (hereinafter "Complaint") designated as Civil Action No. 20-C0-657. Plaintiff filed his Complaint *pro se* against Defendants Ghassan Richard Ghorayeb, M.D., Lingo Lai, M.D., and The West Virginia Eye Institute.[2]

2. The Complaint alleged medical negligence by Dr. Lai, Dr. Ghorayeb, and unnamed staff members at the West Virginia University Eye Institute for allegedly failing to systemically treat Plaintiff's underlying sarcoidosis condition resulting in inflammation and vision loss. (Compl. ¶¶ 45, 63). At the time, federal question was not implicated in the claims against Dr. Lai, Dr. Ghorayeb.

3. Defendant WVU Eye Institute was served on or about October 23, 2020. Defendants Dr. Lai and Dr. Ghorayeb were served on or about October 26, 2020.

4. On November 11, 2020, Defendants Lingo Lai, M.D., and Ghassan Ghorayeb, M.D., filed a Motion to Dismiss.

5. On November 12, 2020, Ronald N. Walters, Jr., Esq., filed a Notice of Appearance of Counsel in the above referenced civil action.

6. Thereafter, on November 12, 2020, Defendant West Virginia Eye Institute filed a Motion to Dismiss.

7. The Circuit Court of Kanawha County, West Virginia never ruled upon the Motions to Dismiss nor held a hearing regarding the same.

---

[2] West Virginia University Eye Institute is a non-entity and operated as a d/b/a for West Virginia University Medical Corporation.

8. On March 1, 2021, without leave of Court, Plaintiff, by and through counsel, filed an Amended Complaint against Defendants West Virginia University Board of Governors (hereinafter "WVUBOG"), West Virginia University Medical Corporation, d/b/a University Health Associates – West Virginia Eye Institute (hereinafter "UHA"), West Virginia University Hospitals, Inc. (hereinafter "WVUH"), Ghassan Ghorayeb, M.D., and Lingo Lai, M.D.  This was the first time federal question jurisdiction was implicated against Dr. Lai and Dr. Ghorayeb.

9. The said Amended Complaint filed by Plaintiff on March 1, 2021 was never served upon counsel for Defendants in accordance with Rule 5 of the West Virginia Rules of Civil Procedure, and no certificate of service was filed with the said Amended Complaint.  In other words, though the Amended Complaint was filed (without leave of Court), it was not served upon the Defendants until a later time, as set forth below.

10. On March 9, 2021, Defendants WVUBOG, WVUH, and UHA were served with the Amended Complaint.  Plaintiff did not effectuate service on Dr. Lai or Dr. Ghorayeb at that time.

11. On June 23, 2021, for the first time, Plaintiff served Dr. Lai with the Amended Complaint.

12. On June 28, 2021, for the first time, Plaintiff served Dr. Ghorayeb with the Amended Complaint.

13. The Amended Complaint sets forth the following causes of action: Count 1: Section 1983 claims for Deliberate Indifference of a Serious Medical Need Against Dr. Lingo Lai in her Individual Capacity; Count II: Section 1983 claims for Deliberate Indifference of a Serious Medical Need Against Dr. Ghassan Ghorayeb in his Individual Capacity; Count III: Medical Malpractice by West Virignia Eye Institute, Physicians, and Staff.

14. As required by 28 U.S.C. § 1446(a), the process, pleadings, and orders served upon Defendants are attached hereto as **Exhibit A**. Pursuant to LR Civ P 3.4 (b), a docket sheet from the Circuit Clerk of Kanawha County is attached hereto as **Exhibit B**.

## II. JURISDICTION

15. This District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the allegations in the Amended Complaint of 42 U.S.C. § 1983 claims against Dr. Lai and Dr. Ghorayeb involve a federal question arising under the Constitution of the United States.

16. Plaintiff's Amended Complaint also alleges a state law claim of medical negligence by the West Virginia Eye Institute, Physicians, and Staff under the West Virginia Medical Professional Liability Act ("MPLA"), W.V. Code § 55-7B-1, *et. seq*.

17. The MPLA mandates specific pre-suit notice requirements of a Notice of Claim and Certification of Merit. The requirements are governed by W.Va. Code §55-7B-6(a) and (b).

18. Plaintiff failed to serve a proper Certificate of Merit as mandated by W.Va. Code §55-7B-6(b), thereby depriving any court of jurisdiction of the claim[3]. *See Hinchman v. Gillette,* Syl. Pt. 2, 217 W.Va. 378, 618 S.E.2d 387 (2005) ("The pre-suit notice requirements contained in the MPLA are jurisdictional and that failure to provide such notice deprives a circuit court of subject matter jurisdiction"); *see also Bailey v. Beckley VAMC,* 2018 U.S. Dist. LEXIS 92995, *12 (S.D. W.Va. 2018) ("failure to abide by the MPLA's mandatory provisions deprives this Court of jurisdiction"); *see also* Syl. Pts. 2-6, *SER Hope Clinic, PLLC v. McGraw*, 2021 W.Va. LEXIS 237, 2021 WL 1961133 (W.Va. 2021).

19. Therefore, the only claims at issue for removal are the federal causes of action under 42 U.S.C. §1983, which are within the original jurisdiction of this District Court.

---

[3] A Motion to Dismiss was filed on behalf of WVUBOG on March 25, 2021, outlining Plaintiff's deficiencies and failure to comply with the pre-suit notice requirement of the MPLA.

20. In the alternative, if this District Court determines Plaintiff met the pre-suit notice requirements of the MPLA, the District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over state law claims of medical negligence because it relates to the claims and is part of the same claim and controversy in which this District Court has original jurisdiction.

21. Any civil action over which a federal court has original jurisdiction may be removed from state court to federal court by the defendants. 28 U.S.C. § 1441(a). A defendant seeking removal must file a Notice of Removal, pursuant to Rule 11 of the Federal Rules of Civil Procedure, containing a "short and plain statement of the grounds for removal" in the federal district court for the district and division in which the action is pending. *Id.* When a case is not initially removeable, but later becomes removable, a "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446 (b)(3).

    **A. Federal Question Jurisdiction**

22. The United States Supreme Court has held federal jurisdiction exists when a "federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. Williams*, 482 U.S. 386, 392 (1987).

23. In his Amended Complaint, Plaintiff alleged "deliberate indifference to serious medical needs" under 42 U.S.C. § 1983. As such, Plaintiff has alleged a federal question regarding deprivation his Eighth Amendment Constitutional Right.

24. By pleading a claim arising under federal law, Plaintiff subjected himself to the possibility Defendants would remove the case to federal court. *See City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997).

25. "A cause of action arises under federal law only when a Plaintiff's well pleaded complaint raises issues of federal law." *Id.* at 163.

26. A federal question exists when a "right or immunity created by the Constitution or laws of the United Stated [is] an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936).

27. By asserting claims arising under 42 U.S.C. § 1983, Plaintiff has plead a cause of action arising under federal law and, therefore, this District Court properly has original jurisdiction under 28 U.S.C. § 1331.

### B. SUPPLEMENTAL JURISDICTION

28. As detailed in Paragraph 13 of this Notice, Defendants assert Plaintiff's failure to comply with the mandatory pre-suit requirements of the MPLA deprive any court of jurisdiction regarding the claims for medical malpractice.

29. However, in the alternative, this District Court has supplemental jurisdiction over the state law claim of medical negligence pursuant to 28 U.S.C. § 1367(a).

30. Once established the district court has original jurisdiction for a claim arising under federal law, this Court can "exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute 'other claims that …form part of the same case or controversy." *City of Chi.*, 522 U.S. at 165.

31. The alleged facts of the medical negligence claim are the same alleged facts of the 42 U.S.C. § 1983 claim. Therefore, supplemental jurisdiction over the state law claims is appropriate because the claims "form part of the same case or controversy" as required by 28 U.S.C. § 1367(a).

### III. VENUE

32. The case has been removed from the Circuit Court of Kanawha County, West Virginia.

33. The Circuit Court of Kanawha County, West Virginia is located in the territory covered by the Southern District of West Virginia, Charleston Division.

34. Therefore, under U.S.C. § 1441(a), the Charleston Division for the Southern District of West Virignia is the proper venue for this matter.

### IV. TIMELY REMOVAL

35. There are two 30-day time frame windows for removal under 28 U.S.C. § 1446(b)(1) and (3). Under § 1446(b)(1), a defendant has thirty days to file a notice of removal "after the receipt by the defendant…of a copy of the initial pleading setting for the claim for relief." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading … from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

36. The determination of removal based on federal question jurisdiction is made by reference to a "well pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

37. Plaintiff initially filed his complaint *pro se* on August 5, 2020, with a vague reference to a potential 42 U.S.C. § 1983 claim. Plaintiff requested relief based on findings "that staff at the West Virginia Eye Institute acted with deliberate indifference to Plaintiff's medical needs." (Compl. ¶¶ 40, 49, 50 and Subsection b) Based on well-established case law of 42 U.S.C. § 1983, vague references to a potential claim against unknown and unnamed "staff" do not arise to the "well pleaded complaint" standard for federal question jurisdiction.

38. The Northern District of West Virginia ("NDWV") recently addressed a case with an analogous procedural history as the case *sub judice*. In a Memorandum decision, the NDWV held a complaint must allege a "specific cause of action" on the face of the complaint for federal question jurisdiction. *Rice v. Green Tree Servicing, LLC*, 2015 U.S. Dist. LEXIS 40805 (N.D. W.Va. 2015) Reference to terms that could imply federal law without a reference to the specific federal cause of action are not sufficient to trigger federal question jurisdiction. *Id.* at *9. A complaint will not meet the "well pleaded complaint" requirement if it only inferentially alleges a claim cognizable under federal law. *Id*. at *12. Further, a "Defendant's argument in its motion to dismiss does not serve as proof that a federal question existed on the face of the *pro se* complaint." *Id.* at *15.

39. Plaintiff's Amended Complaint filed on March 1, 2020, clearly set forth a cause of action for 42 U.S.C. § 1983 claims against Dr. Ghorayeb and Dr. Lai. Thus, Defendants were able to clearly ascertain an asserted cause of action arising under federal law. Therefore, under the "well pleaded complaint" doctrine espoused by the United States Supreme Court and 28 U.S.C. § 1446(b)(3), Defendants are within the 30-day time frame to remove the civil action to this District Court since Dr. Lai and Dr. Ghorayeb were recently served with the Amended Complaint on June 23, 2021 and June 28, 2021, respectively.

40. All Defendants hereby consent to and join in this Notice of Removal and removal of the case is timely.

**V. Notice to Circuit Clerk and Adverse Parties**

41. In accordance with 28 U.S.C. § 1446(d), Defendants have given contemporaneous written notice of this Notice of Removal to all adverse parties and the clerk for the Circuit Court of Kanawha County, West Virginia. *See* **Exhibit C**.

        **Defendants Ghassan Richard Ghorayeb, M.D.**
        **and Lingo Lai, M.D.,**
        By Counsel,


        /s/ Timothy R. Linkous_____
        Timothy R. Linkous (WV Bar #8572)
        Jenny L. Hayhurst (WV Bar # 11752)
        ***Linkous Law, PLLC***
        10 Cheat Landing, Suite 200
        Morgantown, WV 26508
        304-554-2400 / 304-554-2401 (facsimile)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY A. JOHNSON,**

    **Plaintiff,**

v.   CIVIL ACTION NO. 2:21-cv-380
(Related Case No. 20-C-657, Circuit Court of Kanawha County, West Virginia)

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS;**
**WEST VIRGINIA UNIVERSITY**
**MEDICAL CORPORATION, D/B/A**
**UNIVERSITY HEALTH ASSOCIATES**
**– WEST VIRGINIA EYE INSTITUTE;**
**WEST VIRGINIA UNIVERSITY HOSPITALS, INC.;**
**GHASSAN GHORAYEB, M.D.;**
**LINGO LAI, M.D.**

    **Defendants.**

### Certificate of Service

    I hereby certify that, on this 1st day of July **2021**, I electronically filed ***Defendants' Notice of Removal*** with the Southern District Court of West Virginia by using the CM/ECF system. I certify counsel of record for the following parties are registered ECF filers and they will be served by the CM/ECF system:

| | |
|---|---|
| Plaintiff's Counsel : | Ronald N. Walters, Jr., Esq. |
| Counsel for WVU Medical Corp.: | David E. Schumacher, Esq. |
| Counsel for WVUH: | Christine S. Vaglienti, Esq. |
| | Lauren T. Krupica, Esq. |

/s/Timothy R. Linkous_____
Timothy R. Linkous (WV Bar #8572)
Jenny L. Hayhurst (WV Bar # 11752)
***Linkous Law, PLLC***