IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY A. JOHNSON,

        Plaintiff,

v.                                              CIVIL ACTION NO.  2:21-cv-00380

WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS, et al.,

        Defendants.

**ORDER**

Pending before the Court is Plaintiff Timothy Johnson's Objection to Magistrate's Order Pertaining to HIPAA Violations and Protective Order.  (ECF No. 92.)  This objection challenges the magistrate judge's April 28, 2022, Order denying Plaintiff's Motion for Protective Order. (ECF No. 90.)  For the reasons below, this order is **AFFIRMED**, and Plaintiff's objection is **OVERRULED**.

*I.     Background*

The challenged order stems from Plaintiff's attempt to obtain a protective order against Defendants from the magistrate judge.  (*See* ECF No. 92.)  Plaintiff states that he signed a HIPAA authorization (the "Authorization") with Defendants on November 9, 2020.  (*Id.* at 2.) The Authorization was then shared with Charleston Area Medical Center ("CAMC") on September 9, 2021.  (*Id.*)  On November 3, 2021, Defendants requested Plaintiff's medical records from CAMC pursuant to the Authorization.  (ECF No. 76 at 4.)  Then on November 5,

2021, Plaintiff allegedly revoked the Authorization. (ECF No. 92 at 3.) The purported revocation was done via a footnote in an exhibit to an unrelated filing. (ECF No. 51-1, at 15 n.4.) Finally, on December 6, 2021, CAMC—acting on the Authorization—sent Plaintiff's medical records to Defendants. (ECF No. 92 at 3.)

Plaintiff alleges that CAMC's release of medical records is a HIPAA violation perpetrated by Defendants. (ECF No. 92 at 3.) He argues that there is an "affirmative duty" on Defendants to alert other parties that the Authorization has been revoked. (*Id.*) For that reason, Plaintiff requests that this Court overturn the magistrate judge's refusal to grant a protective order.

Defendants filed no response to this objection.

## II. Standard of Review

Federal Rule of Civil Procedure 72(a) provides that a district court "must consider timely objections" to a magistrate judge's order on nondispositive, pretrial matters and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F.Supp.3d 465, 479 (D. Md. 2014).

While the "contrary to law standard ordinarily suggests a plenary review of legal determinations," a magistrate judge's decisions "concerning discovery disputes" such as this "should be afforded great deference." *Stone v. Trump*, 356 F.Supp.3d 505, 511 (D. Md. 2018) (citations omitted). And "[i]n light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D. W. Va. 2014).

### III. Discussion

First, this Court notes that the effectiveness of Plaintiff's alleged revocation is dubious. The Authorization prescribes a specific method of revocation by which Plaintiff must "provid[e] a signed and dated revocation in writing to the Disclosing Entity or Person identified above." (ECF No. 75-1 at 2.) This procedure mirrors the revocation requirements of HIPAA. *See* 45 C.F.R. § 164.508. It also does not appear that Plaintiff even sent the revocation to the health care provider listed on the Authorization, CAMC. (*Id.*) As a result, it is unlikely that Plaintiff's filing in this Court, which merely included a footnote claiming revocation, would satisfy this requirement.

In any case, the magistrate judge denied Plaintiff's motion not because of the questionable nature of the alleged revocation, but because Plaintiff failed to "demonstrate that a protective order is warranted" even under the facts as Plaintiff presents them. (ECF No. 90 at 6.) This Court agrees. Protective orders should only be issued "for good cause … to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Yet Plaintiff has put forth no evidence supporting his claim that he needs such protection. In fact, Defendants even agreed to "refrain from requesting further medical records using the authorization." (ECF No. 76.) He also cites nothing to support his argument that alleged HIPAA violations warrant such an order.

It is incumbent on Plaintiff to make these showings as "[t]he party moving for a protective order bears the burden of establishing good cause." *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012). Additionally, "the standard for issuance of a protective order is high." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009). Plaintiff's threadbare briefing comes nowhere near satisfying his burden of proving to this court that "a

mistake has been committed" by the magistrate judge in refusing to grant such an order. *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F.Supp.2d 778, 782 (E.D.N.C. 2011).

Even on its face, Plaintiff's argument does not support a protective order based on an alleged HIPAA violation. The reason for this is simple: No HIPAA violation appears to have occurred. Defendants requested the medical records on November 3, 2021, while the Authorization was still in effect. (ECF No. 76 at 4.) The date matters as the request occurred *before* Plaintiff's alleged revocation on November 5, 2021. So even if the revocation was valid, the action still does not rise to a HIPAA violation as there is an exception when a "covered entity has [already] taken action in reliance" of the previous authorization. 45 C.F.R. § 164.508(b)(5)(i). Plaintiff cites no authority that "there is an affirmative duty" for Defendants to contact other providers following the revocation of a HIPAA authorization. (ECF No. 92 at 1.) Because Plaintiff's entire objection hinges on this single argument, the failure to show such a duty dooms the objection.

Plaintiff lacks both legal and factual reasons for why he should have been granted a protective order. In the face of this dearth, the magistrate judge's decision not to grant Plaintiff's motion is neither "clearly erroneous [n]or contrary to law." *United Bank v. Buckingham*, 301 F.Supp.3d 547, 552 (D. Md. 2018). Thus, it will not be overturned.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 17, 2022

_____
THOMAS E. JOHNSTON, CHIEF JUDGE