UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY A. JOHNSON,

        Plaintiff,

v.                               CIVIL ACTION NO.   2:21-cv-00380

WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS, et al.,

        Defendants.

**ORDER**

This matter came for a hearing before the undersigned on February 10, 2023, on five pending discovery motions: (1) Motion to Compel Discovery Responses and Production of Documents filed by Defendants Ghassan Ghorayeb, M.D., Lingo Lai, M.D., and the West Virginia University Board of Governors (collectively, the "WVU Defendants") (ECF No. 95); (2) Motion to Strike the foregoing motion filed by Plaintiff Timothy A. Johnson ("Plaintiff") (ECF No. 96); (3) Plaintiff's Motion for Scheduling Order (ECF No. 110); (4) Plaintiff's Motion to Stay Issuance of Scheduling Order (ECF No. 123); and (5) WVU Defendants' Motion for Protective Order (ECF No. 130). Plaintiff appeared *pro se* by videoconference, the WVU Defendants appeared before the Court by their counsel, Timothy R. Linkous and Jenny L. Hayhurst, and Defendant West Virginia University Medical Corporation, d/b/a University Health Associates – West Virginia Eye Institute ("the Eye Institute") appeared before the Court by its counsel, David E.

Schumacher. Each of the parties presented oral argument on the pending motions, which have been fully briefed; accordingly, they are ripe for review.

I.   BACKGROUND

This civil action arises from medical care Plaintiff received from Defendant Ghassan Ghorayeb, M.D. ("Ghorayeb") and Defendant Lingo Lai, M.D. ("Lai") at the West Virginia Eye Institute during Plaintiff's term of incarceration at the Federal Correctional Institution in Morgantown, West Virginia. (ECF No. 16 at 4 ¶¶ 17-23.) Plaintiff asserts that Defendants delayed treatment of his chronic sarcoidosis with a course of the oral steroid Prednisone for five months, which resulted in irreversible loss of vision in his right eye and rendered him legally blind in that eye. *Id.* at 8, ¶ 45.

Plaintiff initiated this civil action on March 1, 2021, in the Circuit Court of Kanawha County, West Virginia, on August 5, 2020. (ECF No. 1-3.) On March 1, 2021, Plaintiff filed an Amended Complaint asserting a medical-malpractice claim against the WVU Defendants and the Eye Institute, as well as WVU Hospitals, which has since been dismissed. (ECF Nos. 16; 83.) Plaintiff further asserted deliberate-indifference claims under 42 U.S.C. § 1983 against Dr. Ghorayeb and Dr. Lai based upon the delay in prescribing oral Prednisone to treat Plaintiff's alleged chronic sarcoidosis.

On July 1, 2021, Defendants removed the action to this Court. (ECF No. 1.) Judge Johnston entered a Scheduling Order on August 24, 2021, thereby initiating discovery. (ECF No. 31.) Subsequently on January 13, 2022, Judge Johnston vacated the Scheduling Order after referring this matter to the undersigned "for total pretrial management and submission of proposed findings of fact and recommendations for disposition." (ECF No. 77.) Due to the pendency of a number of motions, including dispositive motions, a new scheduling order has not been entered. In the motions *sub judice,* the parties now seek

2

the Court's resolution of several discovery disputes that have arisen, as well as entry of a scheduling order.

## II. DISCUSSION

### a. WVU Defendants' Motion to Compel (ECF No. 95)

At the February 10, 2023 hearing before the undersigned, the parties reached an agreement as to the disposition of Defendants' Motion to Compel (ECF No. 95.) First, the WVU Defendants agreed to withdraw their request to compel all but Interrogatory Numbers 5, 7, 8, and 14 set forth in WVU Defendants' "First Set of Combined Discovery" that was served on Plaintiff on May 4, 2022. The parties then reached an agreement as to each specific interrogatory, as follows:

**Interrogatory No. 5**. Plaintiff agreed to provide a complete list of all health care providers who have either diagnosed or treated Plaintiff for sarcoidosis. The parties agreed that Plaintiff would serve this list upon the WVU Defendants within 30 days of the February 10, 2023 motions hearing before the undersigned, which is March 13, 2023. Accordingly, Plaintiff is hereby **ORDERED** to serve a timely supplemental response to Interrogatory Number 5 no later than **March 13, 2023**, pursuant to the parties' agreement at the February 10, 2023 hearing before the undersigned.

**Interrogatory No. 7**. Plaintiff agreed to identify and produce any documentary evidence of the economic damages he would seek to obtain at trial, such as medical bills, tax returns, and evidence of any past work. Plaintiff also agreed to sign the WVU Defendants' proffered authorizations for the release of such records. Plaintiff is therefore **ORDERED** to serve a supplemental response to Interrogatory Number 7 providing this information, and to produce an executed copy of the authorization(s) identified by the WVU Defendants as corresponding to Interrogatory Number 7, no later than **March 13,**

3

**2023**, pursuant to the parties' agreement at the February 10, 2023 hearing before the undersigned.

**Interrogatory No. 8**. Plaintiff agreed to sign the WVU Defendants' proffered authorizations for the release of collateral-source information in response to Interrogatory Number 8. Accordingly, Plaintiff is **ORDERED** to produce an executed copy of the authorization(s) identified by the WVU Defendants as corresponding to Interrogatory Number 8, no later than **March 13, 2023**, pursuant to the parties' agreement at the February 10, 2023 hearing before the undersigned.

**Interrogatory No. 14**. The parties agreed that the WVU Defendants would produce a copy of all Plaintiff's medical records they obtain in discovery, including medical bills. Plaintiff agreed to supplement his response to Interrogatory Number 14 within sixty (60) days of being served with copies of all medical bills collected by the WVU Defendants. Accordingly, Plaintiff is **ORDERED** to serve a timely supplemental response to Interrogatory Number 14 within the sixty-day timeline pursuant to the parties' agreement at the February 10, 2023 hearing before the undersigned.

Finally, Plaintiff agreed to produce a Verification[1] in support of his discovery responses as provided by Rule 33(b)(3) of the Federal Rules of Civil Procedure, which requires that interrogatories must be answered under oath. Accordingly, Plaintiff is **ORDERED** to produce a properly-sworn Verification attesting to the accuracy of Plaintiff's discovery responses no later than **March 13, 2023**, pursuant to the parties' agreement at the February 10, 2023 hearing before the undersigned.

---

[1] A Verification is a term for a signed, written statement in which a party attests under oath to the truth and accuracy of its submission before a Notary Public, and notarized.

Defendants' Motion to Compel is therefore **GRANTED** as to Interrogatory Numbers 5, 7, 8, and 14, and is **DENIED** as to the remaining discovery requests.

### b. Plaintiff's Motion to Strike (ECF No. 96)

In lieu of filing a response to the WVU Defendants' pending Motion to Compel (ECF No. 95), discussed in Part II.b., *infra*, Plaintiff filed a Motion to Strike Defendants' Motion to Compel. (ECF No. 96.) The motion does not seek to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous" material from a pleading as provided by Rule 12(f) of the Federal Rules of Civil Procedure; rather, Plaintiff's "motion" sidesteps the Rule 12(f) standard and merely addresses the merits of the WVU Defendants' Motion to Compel.

Rule 12(f) only permits motions to strike *pleadings*. *See* Fed. R. Civ. P. 12(f) ("The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Rule 7 of the Federal Rules of Civil Procedure differentiates between motions and pleadings, and expressly limits pleadings only to (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). A motion to compel does not fall within this list of pleadings.

Accordingly, Plaintiff's Motion to Strike will be **DENIED** and construed as a Response in Opposition to Defendants' Motion to Compel. The Court still considered the arguments Plaintiff made in his response in the resolution of Defendants' Motion to Compel. As the undersigned instructed at the February 10, 2023 hearing with the parties, in the future Plaintiff must oppose a defendant's motion by filing a brief and titling it as a

Response in Opposition to the motion at issue. Plaintiff is further instructed that any future motions to strike must be directed at a pleading—not a motion—and must satisfy the showing required by Rule 12(f).

### c. Plaintiff's Motion for Scheduling Order (ECF No. 110) and Plaintiff's Motion to Stay Issuance of Scheduling Order (ECF No. 123)

Plaintiff's Motion for Scheduling Order (ECF No. 110) and Motion to Stay Issuance of Scheduling Order (ECF No. 123) both relate to the issuance of a new scheduling order in this matter and therefore are addressed here together. In his Motion for Scheduling Order, Plaintiff requests that "a new scheduling order be issued in this case." (ECF No. 110 at 2.) In contrast, his subsequently-filed Motion to Stay Issuance of Scheduling Order, Plaintiff acknowledges that "[o]f course Plaintiff asserts that there needs to be a scheduling order in place and has requested the Court for one." (ECF No. 123 at 1.) However, he explains that he wishes for the Court to delay entering a scheduling order until resolution of five (5) pending motions for summary judgment, as "the most efficient, logical, time-saving, and cost saving course." *Id.*

As this Court previously noted, a scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded[.]" *Henley v. FMC Corp.*, 172 F.R.D. 193, 198 n.6 (S.D. W. Va. 1997) (citations omitted). Rather, "a scheduling order is the critical path chosen by the Court and the parties to fulfill the mandate of *Rule* 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.' *Id.* (citing Fed. R. Civ. P. 1). Further, district courts have "broad discretion" to manage their dockets, as well as the timing of discovery. *See Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied*, 480 U.S. 934 (1987).

Here, the undersigned declines to further delay issuance of a new scheduling order—particularly in light of the protracted discovery proceedings in this matter—in order to appropriately manage the Court's docket and the pace of this litigation. Accordingly, Plaintiff's Motion for Scheduling Order (ECF No. 110) is **GRANTED**, Plaintiff's Motion to Stay Issuance of Scheduling Order (ECF No. 123) is **DENIED**, and a Scheduling Order will be entered contemporaneously with the instant Order.

### d. WVU Defendants' Motion for Protective Order (ECF No. 130)

The WVU Defendants assert that Plaintiff served hundreds of Requests for Admissions, and this number is patently unreasonable; accordingly, they sought a protective order from the Court limiting the total number of Rule 36 requests that Plaintiff may serve on each Defendant. (*See* ECF No. 130.) In his response brief, Plaintiff explains that Rule 36 is the most convenient, cost-effective, and efficient discovery device available to him and that neither Rule 36 of the Federal Rules of Civil Procedure nor the Court's Local Rules of Civil Procedure place a numerical limit on the number of requests for admissions that may be propounded.

Unlike Rule 33 of the Federal Rules of Civil Procedure, which expressly limits a party to propound on any other party "no more than 25 written interrogatories, including all discrete subparts," Rule 36 contains no numerical limit upon the number of Requests for Admissions ("RFAs") which a party may propound on another party. *See* Fed. R. Civ. P. 36. However, Rule 26(b)(2)(C) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule" if the Court determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to

7

obtain the information by discovery in the action; or the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C). The Court has broad authority to shape discovery and specifically to limit the number of requests for admissions, which are meant "to save time and expense at trial." *See Marfork Coal Co. v. Smith*, 5:10-cv-69, 2011 WL 111880, at *8 (S.D. W. Va. Jan. 13, 2011). *See also Felman Prod., Inc. v. Indus. Risk Insurers*, 3:09-cv-0481, 2009 WL 3668038, at *3 (S.D. W. Va. Nov. 3, 2009) (explaining that "the Court possesses the discretion to limit the numbers of interrogatories and requests for admission allowed in [a] given case"). Further, in all aspects, the scope of discovery "must be measured against the yardstick of proportionality." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 355 (D. Md. 2012) (citation omitted).

Here, the parties reached an agreement at the February 28, 2023 motions hearing before the undersigned as to the disposition of the WVU Defendants' Motion for Protective Order (ECF No. 130). Specifically, Plaintiff agreed to narrow the total number of Requests for Admission to fifty (50) per each Defendant, and to serve a new set of Requests for Admission reflecting this number. Out of an abundance of caution, the Court wants to clarify for the parties that, pursuant to this agreement, Plaintiff may not serve any additional Requests for Admissions upon Defendant Ghorayeb, who has already responded to more than 200 Requests for Admissions. Based upon the parties' agreement, the WVU Defendants' Motion for Protective Order (ECF No. 130) is **DENIED** as moot. Pursuant to the parties' agreement, the WVU Defendants are **ORDERED** to

serve their responses no later than 20 days from the date Plaintiff serves the limited number of Requests for Admissions.

### III. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** as follows:

(1) Plaintiff's Motion to Strike (ECF No. 96) is **DENIED**;

(2) WVU Defendants' Motion to Compel (ECF No. 95) is **GRANTED IN PART** and **DENIED IN PART** as set forth hereinabove;

(3) Plaintiff's Motion for Scheduling Order is **GRANTED**;

(4) Plaintiff's Motion to Stay Issuance of Scheduling Order is **DENIED**; and

(5) WVU Defendants' Motion for Protective Order is **DENIED** as moot.

**IT IS SO ORDERED**.

The Clerk is directed to mail a copy of this Order to Plaintiff and to transmit a copy to counsel of record.

ENTER: February 13, 2023

Dwane L. Tinsley
United States Magistrate Judge

9