IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY A. JOHNSON,

        Plaintiff,

v.                                     CIVIL ACTION NO.  2:21-cv-00380

WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS, et al.,

        Defendants.

**ORDER**

Pending before the Court is Plaintiff Timothy Johnson's Motion for Partial Summary Judgment.  (ECF No. 97.)  On November 11, 2021, this case was referred to United States Magistrate Judge Dwane L. Tinsley for total pretrial management and submission of proposed findings of fact and recommendations for disposition ("PF&R").  (ECF No. 60.)  On February 17, 2023, Magistrate Judge Tinsley filed a PF&R recommending that this Court deny Plaintiff's pending motion.  (ECF No. 143.)  Plaintiff filed objections to the PF&R on March 6, 2023.  (ECF No. 149.)

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, (ECF No. 149), **ADOPTS** the PF&R, (ECF No. 143), and **DENIES** Plaintiff's Motion for Partial Summary Judgment, (ECF No. 97).

1

I. Background

The facts of this case are detailed at length in Magistrate Judge Tinsley's PF&R, (ECF No. 143), and do not need repeated. Throughout this opinion, the Court will discuss any relevant facts necessary to resolve Petitioner's objections.

II. Standard of Review

A. *Review of Magistrate Judge's Proposed Findings and Recommendations*

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to the portions of the findings or recommendations to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, the Court need not conduct a *de novo* review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), *Loe v. Armistead*, 582, F.2d 1291, 1295 (4th Cir. 1978).

B. *Summary Judgment Standard of Review*

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. It states, in pertinent part, that a court should grant summary judgment if "there is no genuine issue as to any material fact." "Facts are 'material' when they might affect the outcome of the case, and a

'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). Summary judgment should not be granted if there are factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

The nonmoving party bears the burden of showing there is a "genuine issue of material fact for trial ... by offering 'sufficient proof in the form of admissible evidence[.]'" *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). When ruling on a motion for summary judgment, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

### III. Discussion

Petitioner asserts seven objections to the PF&R. (*See* ECF No. 149.) Each is discussed below.

#### A. Objection 1: The Magistrate Judge's Findings Support Plaintiff's Motion.

Plaintiff's first objection is broad and conclusory. The objection does not contest the Magistrate Judge's findings but instead claims they should result in his motion being granted, not denied. (*See* ECF No. 149 at 1-4.) Simply repeating the Magistrate Judge's findings and saying that they "support Plaintiff's Motion for Partial Summary Judgment" does not provide any legal grounds upon which this Court sees fit to reject the PF&R. (*Id.* at 1.)

3

Indeed, in what will become a familiar pattern, Plaintiff misunderstands what he needs to show to have the motion granted in the first place, saying he is "entitled to partial summary judgment" because the "findings of undisputed facts show that Defendant Ghorayeb failed to render systemic medical treatment as required by the medical standard of care." (*Id.* at 4.) Plaintiff's mistake is assuming that a failure to meet the standard of care necessarily equates to deliberate indifference. It does not.

"Deliberate Indifference is a very high standard—a showing of mere negligence will not meet it." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Plaintiff needs to show "something more than mere negligence" to establish deliberate indifference. *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001). Nothing in this objection makes such a showing.

For these reasons, the Court **OVERRULES** Objection 1.

> B. Objection 2: The Magistrate Judge Incorrectly Applied The Standard For Deliberate Indifference.

In his next objection, Plaintiff primarily claims that the PF&R contains improper conclusions on the subjective component of a deliberate indifference claim. Though this objection also contains a section on the objective component, the PF&R agrees with Plaintiff that his condition is "sufficiently serious" to satisfy this requirement. (ECF No. 143 at 17, *see also* ECF No. 149 at 4-5.) Therefore, the Court understands Plaintiff's objection to simply be restating the undisputedly met objective component.

As to the subjective component of deliberate indifference, Plaintiff asserts that the "subjective prong requires proof of the 'official's actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by [the official's] action or inaction.'" (ECF No. 149 at 5 (quoting *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)).) So far, this

4

matches the Magistrate Judge's findings, who found that deliberate indifference requires an official to have "actual knowledge of the risk of harm to the inmate" as well as knowledge that the official's "response was inadequate to address those needs." (ECF No. 143 at 17-18 (quoting *Coleman v. Poff*, 497 Fed.Appx. 337, 339 (4th Cir. 2012)).)

Because these two formulations of the subjective component have the same meaning, it is apparent that Plaintiff only disagrees with the result the Magistrate Judge came to by applying the standard. However, the Magistrate Judge was correct.

The PF&R notes that "Plaintiff must show that Dr. Ghorayeb . . . actually did 'recognize[] that his actions were insufficient to mitigate the risk of harm to [Plaintiff] arising from his medical needs.'" (ECF No. 143 at 19 (quoting *Iko*, 535 F.3d at 241).) It seems that this is where Plaintiff becomes confused on his burden—deliberate indifference as opposed to just failing to meet the standard of care. For example, Plaintiff points to the following finding that he believes establishes the subjective component: "Dr. Ghorayeb had knowledge about the risk to patients with untreated chronic sarcoidosis" yet did not prescribe Plaintiff oral Prednisone until months later. (ECF No. 149 at 5).

While Plaintiff's argument could potentially show that Dr. Ghorayeb breached the standard of care—if a different action would have been necessitated by said standard, which the Court is not asked to decide at this juncture—this still does not establish that Dr. Ghorayeb actually *knew* that his actions would subject Plaintiff to an excessive risk to his health or safety. In fact, Dr. Ghorayeb himself claimed that he believed the eyedrops he prescribed Plaintiff were working well and that no more intense treatment was needed. (*See* ECF No. 101-13.) This creates a genuine dispute of material fact as to Dr. Ghorayeb's subjective state of mind as to whether he knew not

5

just that sarcoidosis is dangerous but also that his method of treatment would subject Plaintiff to an excessive risk to his health or safety—again assuming that is the case. Summary judgment is precluded in the face of these contested facts.

For these reasons, the Court **OVERRULES** Objection 2.

*C. Objection 3: The Magistrate Judge Improperly Considered Dr. Ghorayeb's Legal Arguments Rather Than Dr. Ghorayeb's Factual Arguments.*

Once again, this objection argues that Dr. Ghorayeb breached the standard of care in his treatment of Plaintiff. (ECF No. 149 at 6.) And once again, that is *not* the question at issue in this motion. Instead, Plaintiff must show that Dr. Ghorayeb "entirely fail[ed] to consider [Plaintiff's] medical complaints or intentionally delay[ed] or den[ied] access to adequate medical care." *Estelle*, 429 U.S. at 106. Dr. Ghorayeb testified that—until July 3, 2018—he believed treatment was working and that no escalation was needed. (ECF No. 101-13.) Plaintiff has presented no evidence that Dr. Ghorayeb knew otherwise and intentionally deprived Plaintiff of proper medical care.

This comes back to the fact that "deliberate indifference is a very high standard." *Iko*, 535 F.3d at 241. While Plaintiff might well be making a good argument that Dr. Ghorayeb breached the proper standard of care, "mere negligence in diagnosis or treatment is insufficient to state a constitutional claim." *Abraham v. McDonald*, 493 Fed.Appx. 465, 466 (4th Cir. 2012). In fact, even if Dr. Ghorayeb "*should* have known of a risk," Plaintiff can only succeed if he can show that Dr. Ghorayeb "had actual subjective knowledge" of that risk. *Formica v. Aylor*, 739 Fed.Appx. 745, 755 (4th Cir. 2018) (quoting *Jackson*, 775 F.3d at 178).

Finally, this objection also takes issue with the fact that the Magistrate Judge considered Dr. Ghorayeb's various exhibits attached to his response motion. While Plaintiff is right that the

medical records used as exhibits are unauthenticated, (ECF No. 149 at 7), a nonmovant's evidence is not required to be "in a *form* that would be admissible at trial in order to avoid summary judgment," *Celotex Corp. v. Cartrett*, 477 U.S. 317, 324 (1986) (emphasis added). Thus, the Magistrate Judge was correct to consider "parts of materials in the record, including . . . documents" such as the exhibits to Dr. Ghorayeb's response. Fed. R. Civ. Pro. 56(c)(1)(A). This includes Dr. Ghorayeb's own affidavit, which—as discussed further in Objection 4—the Magistrate Judge did *not* treat as expert testimony, despite Plaintiff's contention otherwise. (*See* ECF No. 149 at 14, 19-20 (citing ECF No. 101-13 for Dr. Ghorayeb's personal testimony only and not his expert opinion).)

    For these reasons, the Court **OVERRULES** Objection 3.

    *D. Objection 4: The Magistrate Judge Improperly Permitted Dr. Ghorayeb's Allegedly Expert Witness Testimony.*

    Objection 4 argues that the Magistrate Judge failed to "perform the duties of gatekeeper regarding [Dr. Ghorayeb's] expert witness testimony." (ECF No. 149 at 8.) Specifically, Plaintiff claims that the Magistrate Judge failed to consider whether Dr. Ghorayeb's testimony is "relevant and reliable." *Id.* (citations omitted). Plaintiff does not indicate which parts of Dr. Ghorayeb's affidavit this objection specifically refers to, so the Court assumes he objects to all of Dr. Ghorayeb's testimony.

    Right out of the gate, this objection runs headlong into an insurmountable obstacle: Dr. Ghorayeb's evidence is not expert testimony. Rather, Dr. Ghorayeb's testimony—as reflected in the PF&R—merely explains his side of the facts and reflects his actions, notes, and decisions throughout Plaintiff's time as his patient. (*See* ECF No. 143 at 6-10.) This evidence directly concerns Plaintiff's allegations and is undoubtedly relevant under Federal Rule of Evidence 401.

7

Moreover, its reliability is not at issue at this stage as a nonmovant's evidence must "be believed" for summary judgment purposes. *Anderson*, 477 U.S. at 255.

Further, even if portions of Dr. Ghorayeb's affidavit do reflect his opinion, the Magistrate Judge did not use Dr. Ghorayeb's testimony as expert testimony in the PF&R. (*See generally* ECF No. 143.) As such, Plaintiff's characterization of the PF&R's treatment of Dr. Ghorayeb's testimony as "expert witness testimony" is mistaken. (ECF No. 149 at 8.)

For these reasons, the Court **OVERRULES** Objection 4.

> E. Objection 5: The Magistrate Judge Improperly Concluded There Was Insufficient Evidence To Establish Dr. Ghorayeb Had Knowledge That Plaintiff Would Be Subjected To An Excessive Risk To His Health And Safety.

Objection 5 essentially repeats the argument made in Objection 2. It argues that the evidence in the case shows Dr. Ghorayeb had actual knowledge that his treatment plan would subject Plaintiff to an excessive risk to his health or safety. (*See* ECF No. 149 at 9-12.) The Court has already dispensed with these arguments and does not need to repeat them in depth. The evidence recited by Plaintiff still does not show that Dr. Ghorayeb actually *knew* his actions would subject Plaintiff to an excessive risk to his health or safety. Again, Plaintiff at best makes an argument that Dr. Ghorayeb did not follow the proper standard of care for sarcoidosis, but—as with Objection 2—there is nothing in this objection that demonstrates Dr. Ghorayeb had the actual knowledge required for the subjective component of deliberate indifference.

For these reasons, the Court **OVERRULES** Objection 5.

> F. Objection 6: The Magistrate Judge Incorrectly Determined That There Was No Evidence Of Proximate Cause.

Before turning to the issue of proximate cause, the Court reiterates that Dr. Ghorayeb's affidavit is properly considered at this stage. *See supra* at 6-7.

With this in mind, the Court will address Plaintiff's objection that "Dr. Ghorayeb proximately caused Plaintiff's organ (eye) damage," and the Magistrate Judge was wrong to find otherwise. (ECF No. 49 at 15.) This objection is yet another instance of Plaintiff's misunderstanding of what he needs to show. To Plaintiff's credit, the Court does agree that "[r]egardless of . . . whether [Plaintiff] could see two fingers at his face before and after Dr. Ghorayeb's treatment, Plaintiff suffered organ damage" as a result of the surgery. (ECF No. 149 at 14.) That fact does not prove that Dr. Ghorayeb *caused* that specific injury, though. *Shaw v. Stroud*, 13 F.3d 791, 800 (4th Cir. 1994).

Plaintiff's only evidence that Dr. Ghorayeb caused the damage is that Plaintiff's expert witness said there is a "reasonable degree of medical probability that Dr. Ghorayeb's failure to treat . . . [Plaintiff's] active sarcoidosis . . . caused further organ (eye) damage necessitating eye surgery . . . and subsequent blindness." (ECF No. 1-1, at 31–32.) The problem is that—as the PF&R observes—the record is unclear whether Plaintiff even had sarcoidosis in the first place. (ECF No. 143 at 22–24.) For example, it appears that there is no affirmative diagnosis for the disease anywhere in Plaintiff's medical history except for a "[s]ubjective" report that Plaintiff made when conveying his medical history upon being incarcerated which was carried forward throughout his treatment. (*Id.* at 23 (citing ECF No. 106-1 at 17).) Dr. Ghorayeb himself noted in July 2018 that Plaintiff's diagnosis was "elusive," and that he was uncertain of what caused Plaintiff's inflammation. (ECF No. 106-1 at 78.) The same uncertainty is seen in a post-surgery biopsy which came back "NEGATIVE FOR MALIGNANT CELLS" and makes no mention of active sarcoidosis. (ECF No. 101-8.) If Plaintiff never actually had sarcoidosis, Dr. Ghorayeb's

alleged failure to meet the standard of care for that disease could not be the cause of Plaintiff's injury.

Altogether, these facts establish that while Plaintiff was surely damaged by his eye surgery, there is no indication that Dr. Ghorayeb's treatment was the cause of the eye surgery. This is especially true given that Plaintiff may not have even had sarcoidosis in the first place while receiving treatment from Dr. Ghorayeb. To grant summary judgment, there must be no scenario where a "reasonable jury could return a verdict for the non-moving party." *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (citation omitted). A jury here could certainly find that Dr. Ghorayeb did not cause Plaintiff to require eye surgery.

For these reasons, the Court **OVERRULES** Objection 6.

> G. Objection 7: *The Magistrate Judge Made Incorrect Factual Determinations Regarding Plaintiff's Treatment.*

In his final objection, Plaintiff claims that the Magistrate Judge mischaracterized certain of Plaintiff's medical referrals as being part of "an investigation of his symptoms." (ECF No. 149 at 17.) Plaintiff claims these referrals were not for this purpose. (*Id.* at 16-17)

However, Plaintiff's previous admissions quickly dispel this claim. During discovery, Plaintiff clearly admitted that "the medical records show [he] was referred to Dr. Lai [at the Eye Institute] for ophthalmology complaints related to history of sarcoidosis." (ECF No. 106-1 at 56.) While the Court notes that Plaintiff's objection really seems to be that *Dr. Ghorayeb* did not refer Plaintiff for further eye care, (*see* ECF No. 149 at 16 ("The only specialists that Dr. Ghorayeb referred Plaintiff for further medical care was to WVU Pulmonology.")), that is not what the PF&R found. Instead, the PF&R says that *Dr. Mitchell* referred Plaintiff to the Eye Institute. (ECF No.

143 at 4-5.) Therefore, the PF&R's characterization is accurate and aligns with Plaintiff's previous admissions.

For these reasons, the Court **OVERRULES** Objection 7.

* * * * * * * * *

Throughout his motion and subsequent objections, Plaintiff has made a potentially strong case that Dr. Ghorayeb breached the standard of care in his treatment. However, that is not the showing Plaintiff needed to make for summary judgment on *deliberate indifference*. This is a much higher bar that Plaintiff failed to clear, and as such, none of his objections persuade the Court to reject any part of the PF&R.

### IV. Conclusion

For these reasons, the Court **ADOPTS** the PF&R, (ECF No. 143), to the extent consistent with this Order and **OVERRULES** Plaintiff's objections, (ECF No. 149). Thus, Plaintiff's Motion for Partial Summary Judgment, (ECF No. 97), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 24, 2024

THOMAS E. JOHNSTON, CHIEF JUDGE