UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TIMOTHY A. JOHNSON,

        Plaintiff,

v.                                  CIVIL ACTION NO.   2:21-cv-00380

WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS, et al.,

        Defendants.

**ORDER**

This matter is before the Court on the Motion for Improper Answer Responses to be Deemed Admitted (ECF No. 121) filed by Plaintiff Timothy A. Johnson ("Plaintiff"), who is proceeding *pro se*. Defendants West Virginia University Board of Governors, Ghassan Ghorayeb, M.D., and Lingo Lai, M.D. (collectively, the "WVU Defendants"), and Defendant West Virginia University Medical Corporation d/b/a University Health Associates – West Virginia Eye Institute (the "Eye Institute") filed a Response opposing Plaintiff's motion on February 14, 2023, and February 15, 2023, respectively. (ECF Nos. 137; 138.) Plaintiff filed a Reply on February 17, 2023. (ECF No. 142.) Accordingly, the motion is ripe for review. For the reasons set forth herein, Plaintiff's motion is **DENIED**.

**I.    Background**

The factual background of this case has been discussed at length previously (*See* ECF Nos. 143; 144; 165; 166), and is repeated here only to the extent relevant to adjudication of the instant motion. Plaintiff filed suit in the Circuit Court of Kanawha County, West Virginia (the "State Court") on August 5, 2020. (ECF No. 1-3.) On March 1,

2021, Plaintiff filed an Amended Complaint asserting a medical-malpractice claim against the WVU Defendants and the Eye Institute, as well as deliberate-indifference claims under 42 U.S.C. § 1983 against Dr. Ghorayeb and Dr. Lai based upon their failure to prescribe—or alternatively, their delay in prescribing—oral Prednisone to treat Plaintiff's right-eye symptoms. In response, the named Defendants filed motions to dismiss; however, on July 1, 2021—before the State Court ruled on the motions—Defendants removed the action to this Court. (ECF No. 1.) On March 28, 2022, the presiding District Judge denied Defendants' motions to dismiss. (ECF No. 83.) The WVU Defendants subsequently filed a joint Answer to the Amended Complaint on April 6, 2022. (ECF No. 86.) The Eye Institute filed its Answer to the Amended Complaint the following day on April 7, 2022. (ECF No. 87.) The undersigned entered the operative Scheduling Order on February 13, 2023, under which the deadline to complete discovery is set for October 13, 2023, and the deadline for the parties to move for summary judgment is set for November 27, 2023. (ECF No. 136.)

Plaintiff filed the motion *sub judice* on February 2, 2023—approximately ten months after the close of pleadings in this matter. (ECF No. 121.) Therein, Plaintiff challenged the sufficiency of responses in Defendants' Answers to thirty-three of the numbered paragraphs in Plaintiff's Amended Complaint (collectively, the "flagged responses").[1] *Id.* at 1. Plaintiff asserted that the flagged responses to each of these thirty-three paragraphs—in both the Answer filed by the WVU Defendants, as well as the Answer filed by the Eye Institute—merely stated that "the medical record speaks for itself." (*See* ECF Nos. 86; 87; 121 at 1; 122 at 3 n.1.) Because Rule 8(b)(1)(B) of the Federal Rules of

---

[1] The responses at issue in Defendants' Answers corresponded to the following thirty-three numbered paragraphs in Plaintiff's Amended Complaint: paragraphs 16, 18, 19, 21-35, 39, 42, 48, 51-55, 61-64, 81, 83, and 85 (collectively, the "flagged responses"). (ECF No. 121 at 1.)

2

Civil Procedure requires a party responding to a pleading to "admit or deny the allegations asserted against it," Plaintiff argued that these flagged responses are "improper," because the phrase that "the medical record speaks for itself" does not constitute an admission or denial, and is not recognized by Rule 8. (*See* ECF Nos. 121 at 2; 122 at 2.)

Plaintiff then relied upon Rule 36 of the Federal Rules of Civil Procedure, which provides that "[o]n finding that an answer" to a Request for Admission "does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). Plaintiff pointed to authority that rejected the phrase "the document speaks for itself" in response to requests for admission under Rule 36 as a non-answer, and deemed it to be an admission pursuant to Rule 36(a)(6). (ECF No. 122 at 2-3 (citing *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522 (S.D. W. Va. 2007) (characterizing the phrase that "the medical record speaks for itself" as neither an admission nor a denial but "a favorite excuse for not answering")). Plaintiff argued that Defendants' use of the phrase "the medical record speaks for itself" in the flagged responses similarly constitutes a non-response, and should therefore be treated as "an admission." *Id*. at 3. Although Rule 36 applies in the context of discovery, Plaintiff reasoned that Rule 8(b)(1)—which states, similarly, that a party responding to a pleading must admit or deny the allegations asserted against it therein—means that the same type of sanction is appropriate when a party fails to admit or deny an allegation in a pleading. (ECF No. 122 at 4.) Plaintiff explained that his motion therefore seeks a Court order "deeming these improper Answer responses to be 'Admitted.'" *Id*. at 3-4.

The WVU Defendants and the Eye Institute challenged the legal and factual basis for Plaintiff's motion. (*See* ECF Nos. 137; 138.) Defendants argued that Rule 8 of the Federal Rules of Civil Procedure governs *pleadings*, and therefore Plaintiff's reliance

upon *discovery* sanctions under Rule 36(a)(6) "is clearly inappropriate" to challenge the sufficiency of Defendants' Answers—particularly when Plaintiff failed to support his motion with any authority that found Rule 36(a)(6) applicable in the context of a challenge to the sufficiency of a pleading. Additionally, while Plaintiff is correct that the flagged responses in Defendants' Answers do not simply "admit or deny the allegations asserted" in the Amended Complaint, the Defendants explained that Rule 8 provides for more nuanced responses beyond simple admissions or denials in certain circumstances—and that their flagged responses complied with the Rule. (*See* ECF Nos. 137 at 2 (arguing that the WVU Defendants "*did* answer Plaintiff's allegations under Rule 8 of the Federal Rules of Civil Procedure") (emphasis added); 138 at 2 (arguing that the Eye Institute "*did* fully respond to Plaintiff's allegations") (emphasis added).)

The Defendants explained that, although Rule 8(b)(1) generally requires a defendant to "state in short and plain terms its defenses to each claim and admit or deny the allegations asserted against it," Rule 8(b)(5) modifies this general requirement "if a party lacks knowledge or information," specifically permitting the party "to state the same in its answer," with "the effect of a denial." (ECF Nos. 137 at 1; 138 at 2.) The Defendants argued that their flagged responses were appropriate under Rule 8(b)(5), but that Plaintiff omitted the Rule 8(b)(5) language from his description of Defendants' flagged responses in his motion. (*See* ECF Nos. 137 at 2-3 (asserting that Plaintiff "misrepresent[ed]" the content of the flagged responses in WVU Defendants' Answer "by failing to include the entirety of the response"); 138 at 2 (characterizing Plaintiff's description of the flagged responses as a "blatant[]" and "gross misrepresentation to the Court as to what [the Eye Institute's] Answer to the Amended Complaint stated")). The WVU Defendants argued that each of the flagged responses—when considered in their entirety, as opposed to

Plaintiff's misleading, partial quotation—"specifically reference[d] Rule 8(b)(5) and denied the allegations contained therein to the extent [the allegations] w[ere] inconsistent with Plaintiff's medical records." (ECF No. 137 at 2.) The Eye Institute similarly asserted that each of its flagged responses contained "express denials of the allegations contained in these various paragraphs in the Amended Complaint" under Rule 8(b)(5). (ECF No. 138 at 2-3.)

Finally, the Eye Institute cited Paragraph 105 of its Answer, which stated the following:

> This Defendant denies any and all allegations contained within the Amended Complaint that were not expressly admitted herein above. Defendant denies that it or any of its employees or agents were negligent, breached the standard of care, or otherwise engaged in any action or conduct toward the Plaintiff for which Plaintiff has a claim. Therefore, as to each and every assertion or allegation or claim set forth in the Amended Complaint wherein Plaintiff alleges that one or more of this Defendant's employees engaged in a negligent or actionable conduct, or this Defendant did so, it is hereby denied strict proof is called for thereon.

(ECF No. 138 at 3 (citing ECF No. 87 ¶ 105).) The WVU Defendants' Answer likewise stated the following:

> [. . . ] These Defendants deny any and all allegations contained within the Amended Complaint that were not expressly admitted herein, including the WHEREFORE paragraph(s) of the Amended Complaint, and strict proof is called for thereon.
>
> These Defendants deny that they were negligent or otherwise engaged in any actionable conduct toward Plaintiff. Therefore, as to each and every place in the Amended Complaint wherein it is alleged that one or more of these Defendants engaged in negligent or actionable conduct, it is hereby denied and strict proof is called for thereon.

(ECF No. 86 at ¶¶ 105-106.) Defendants argued that these "catch all" assertions further support a finding that they responded in full to the Amended Complaint.

In reply, Plaintiff argued that Defendants' purported "lack of knowledge" under Rule 8(b)(5) in their flagged responses was not credible, and, further, was "evasive" in violation of Rule 8(b)(2)'s requirement that "[a] denial must fairly respond to the substance of the allegation." (ECF No. 142 at 5.) For example, Plaintiff reasoned that the allegations in Paragraphs 22, 51, and 52 of his Amended Complaint were clearly within Defendants' personal knowledge, as they pertained to Defendants' *own* alleged actions as reflected "in their own medical records." *Id.* at 3-5. Similarly, Plaintiff argued that Defendants' purported lack of knowledge with respect to certain allegations concerning Plaintiff's medical records was inconsistent with prior representations of fact asserted by the Defendants. *Id.* at 5. For instance, Paragraph 22 of the Amended Complaint asserts that "[o]n June 14, 2016, [Plaintiff] had his first visit and consultation with the physicians of the West Virginia Eye Institute." *Id.* In their flagged responses to Paragraph 22, the Defendants claimed to lack knowledge; however, Dr. Lai and Dr. Ghorayeb had asserted in a previous motion filing that Plaintiff "presented to the [Eye Institute] on June 14, 2016." *Id.* Plaintiff argued that, at minimum, Defendants were required under these circumstances to admit or deny the portion(s) of the allegation of which they had knowledge pursuant to Rule 8(b)(4). *See id.*

Plaintiff argued, essentially, that a sanction akin to Rule 36(a)(6) is "appropriate" because the "evasive" form of Defendants' flagged responses prejudiced the Plaintiff in two respects. First, he was forced to utilize Rule 36 Requests for Admissions" to "secure" these "undisputed material facts," costing him "unnecessary time and expense." *Id.* at 6. Additionally, Plaintiff argued that his "expert medical witness, Dr. Camille Johnson, M.D., relied that these entries into the medical records . . . recorded 'an accurate picture of the care provided' to Plaintiff." *Id.* at 3-4. Plaintiff concluded that the Court's

6

imposition of a "sanction," in the form of deeming the flagged responses in Defendants' Answers to be admitted, is therefore "appropriate." *Id.* at 6.

## II. <u>Analysis</u>

While Rule 8 and Rule 36 share similar language, the mechanism under Rule 36(a)(6)—by which a party's inadequate response to a Request for Admission may be deemed admitted—pertains only to the discovery process. *See* Fed. R. Civ. P. 36. The standard for pleadings, as well as challenges to their sufficiency, are generally governed by Rules 8 and 12. *See* Fed. R. Civ. P. 8, 12. Here, Plaintiff's motion challenges the sufficiency of the flagged responses in Defendants' Answers to the Amended Complaint; in this context, "[a] Rule 12(f) motion to strike is the method to eliminate matters in pleadings." *United States v. Gwinn*, 5:06-cv-267, 2006 WL 3377636, at *1 (S.D. W. Va. Nov. 20, 2006). Nevertheless, "[a] document filed pro se is to be liberally construed" by this Court, "however inartfully pleaded[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the undersigned construes Plaintiff's "Motion for Improper Answer Responses to Be Deemed Admitted" as a motion to strike under Rule 12(f).

Pursuant to this Rule, "[t]he court may strike from a pleading an insufficient defense . . . on motion made by a party . . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). In *Gwinn*, Chief Judge Johnston explained the Rule 12(f) standard as follows:

> A Rule 12(f) motion to strike is the "method to eliminate matters in pleadings which are found to be redundant, immaterial, impertinent, or scandalous." *Great W. Life Assurance Co. v. Levithan,* 834 F. Supp. 858, 864 (E.D. Pa. 1993) (citing 5A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1380, 644 (2d ed. 1990)). The Rule 12(f) motion to strike standard places a "sizable burden on the movant." *Clark v. Milam,* 152 F.R.D. 66, 70 (S.D. W. Va. 1993). Usually, a motion to strike requires a showing that denial of the motion would prejudice the movant. *Id.* With regard to defenses, the motion to strike "permits a district

7

> court . . . to 'order stricken from any pleading any insufficient defense' [and is] generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant as a dilatory tactic.'" *Waste Mgmt. Holdings v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (citing WRIGHT, *supra,* § 1380, 647). The standard by which a motion to strike is granted is when the court is convinced that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Clark,* 152 F.R.D. at 70 (quoting *BA Mortgage & Int'l Realty v. Am. Nat'l Bank,* 706 F. Supp. 1029, 1031 (N.D. Ill. 1980)). However, the court may strike defenses "when they are clearly legally insufficient, such as when there is no bona fide issue of fact or law." *Id.* (citing *FDIC v. British-Am. Corp.,* 744 F. Supp. 116, 117-18 (E.D.N.C. 1990) (citations omitted)).

*Gwinn*, 2006 WL 3377636, at *1.

In *Gwinn*, the plaintiff filed a motion to strike thirty-four paragraphs of an answer wherein the defendant responded that the "laws speak for themselves" (the "flagged paragraphs"). *Id.* at 1-2. The *Gwinn* plaintiff argued that, because the flagged paragraphs did not consist of a simple admission or denial under Rule 8(b)(1), the defendants failed to "properly answer the allegations contained in the complaint." *Id.* at 2. Rejecting the plaintiff's argument, the *Gwinn* Court found that the flagged paragraphs constituted "denials of the plaintiff's characterization and representation of the laws." *Id.* Furthermore, the Court in *Gwinn* pointed out that "each of the paragraphs in the answer of which plaintiff complains *also contain* the statement that the corresponding paragraph of plaintiff's complaint 'stands denied,' which the Court reads as a denial[.]" *Id.* at *3 (emphasis added). Finding that the plaintiff did not meet his burden to show prejudice, the Court in *Gwinn* denied the plaintiff's motion to strike the defendant's answer. *Id.*

The motion at hand is strikingly similar to the plaintiff's motion in *Gwinn*; here, Plaintiff seeks to strike thirty-three paragraphs of the Defendants' Answers wherein the Defendants responded in part that each referenced medical record "speaks for itself." Just as the Court in *Gwinn* found the defendant's response that the "laws speak for

8

themselves" constituted "denials of the plaintiff's characterization and representation of the laws," *see id.* at 2, the undersigned finds here that, when read in context, the Defendants' responses that "the medical record speaks for itself" primarily constitute denials of the plaintiff's characterization of, and representations regarding, the referenced medical records. Furthermore, just as the *Gwinn* Court emphasized that each of the flagged paragraphs *also* contained a statement that the allegation "'stands denied,' which the Court read[] as a denial," *see id.* at *3, here Defendants' flagged responses *also* asserted a lack of knowledge under Rule 8(b)(5) in addition to the "speaks for itself" language to which Plaintiff objects.

Plaintiff's challenge to the veracity of Defendants' asserted lack of knowledge is likewise unavailing. As the Court noted in *Gwinn*, these representations "are subject to the obligations of Rule 11," *see id.*, which likewise applies to the WVU Defendants, the Eye Institute, and their counsel. The Court finds that Defendants' asserted lack of knowledge is consistent with defense counsel's representations to the Court in this litigation that Defendants are still in the process of collecting a complete set of Plaintiff's medical records, and that Defendants require additional discovery regarding Plaintiff's medical history to determine his condition during the relevant time period. Furthermore, much like the defendant in *Gwinn*, here the Defendants in both Answers denied "any and all allegations contained within the Amended Complaint that were not expressly admitted," denied engaging in actionable conduct, and called for "strict proof." (ECF Nos. 86 ¶¶ 105-106; 87 ¶ 105.) Just as in *Gwinn*, "the Court reads [these statements] as a denial whether predicated upon Rule 8[(b)(5)] or not . . . [and] put[s] the Plaintiff to [his] proofs on those matters on which Plaintiff carries the burden." *Gwinn*, 2006 WL 3377636, at *2-3. While Plaintiff did argue that he incurred prejudice, the undersigned finds that such prejudice

9

may be cured through the discovery process, which is ongoing and in its initial stages. Thus, just as in *Gwinn*, here Plaintiff failed to meet his "sizable burden" under Rule 12(f), and his motion fails on the merits.

Finally, Plaintiff's motion fails because it is untimely. Rule 12(f) expressly requires a party to make a motion to strike an insufficient defense from a pleading "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). The WVU Defendants filed a joint Answer to the Amended Complaint on April 6, 2022. (ECF No. 86.) The Eye Institute filed its Answer to the Amended Complaint the following day on April 7, 2022. (ECF No. 87.) Extending this time by three days pursuant to Rule 6(d), Plaintiff was required to file a motion to strike by May 2, 2022, at the latest. By waiting to file the motion *sub judice* until nine months later on February 2, 2023, Plaintiff waived the opportunity to pursue the relief he seeks.

### III. Conclusion

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Improper Answer Responses to be Deemed Admitted (ECF No. 121) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk is directed to mail a copy of this Order to Plaintiff and to transmit a copy to counsel of record.

ENTER: May 4, 2023

Dwane L. Tinsley
United States Magistrate Judge