**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TIMOTHY A. JOHNSON,

                     Plaintiff,

v.                                    CIVIL ACTION NO.  2:21-cv-00380

WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS, et al.,

                     Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's four motions for summary judgment: (1) Plaintiff's Motion

for Summary Judgment Regarding Breach of the Medical Standard of Care by the Abandonment

by a Physician of Her Patient in a Time of Critical Medical Need (ECF No. 233); (2) Plaintiff's

Motion for Partial Summary Judgment as to the Material Fact of Diagnosis of Sarcoidosis (ECF

No. 238); (3) Plaintiff's Motion for Order of Summary Judgment Regarding the Deliberate

Indifference of Ghassan Richard Ghorayeb, M.D.  (ECF No. 242); and (4) Plaintiff's Motion for

Order of Summary Judgment Regarding the Deliberate Indifference by Neglect, Abandonment and

Delay of Medical Treatment (ECF No. 244.)

These motions were referred to Magistrate Judge Dwane L. Tinsley for submission of

proposed findings and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. §

636(b)(1)(B).  (ECF No. 4.)  Magistrate Judge Tinsley filed his PF&R on May 2, 2025.  (ECF

No. 312.)  Plaintiff timely filed his objections to the PF&R on May 16, 2025[1].  (ECF No. 316.)

For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections[2], (ECF No. 316),

**ADOPTS** the PF&R, (ECF No. 312), and **DENIES** Plaintiff's motions for summary judgment.

(ECF Nos. 233, 238, 242, and 244.)

## I.    BACKGROUND

A detailed recitation of the facts in this case can be found in Magistrate Judge Tinsley's

PF&R, (ECF No. 312), and therefore need not be repeated here.  The Court will provide a

discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's

objections.

## II.    LEGAL STANDARD

### A.  Review of Magistrate Judge's PF&R

The Court is required to "make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other

standard, the factual or legal conclusions of the Magistrate Judge as to any portion of the findings

or recommendations to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150

(1985).  Further, this Court need not conduct a de novo review of any "general and conclusory

objections that do not direct the Court to a specific error in the magistrate's proposed findings and

recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In reviewing the

portions of the PF&R which Plaintiff has objected to, the Court will consider the fact that Plaintiff

---

[1] On May 19, 2025, Magistrate Judge Tinsley granted Plaintiff's Motion to Exceed Page Limit and deemed Plaintiff's objections as timely filed.  (ECF No. 315.)

[2] As discussed below, the Court also **OVERRULES** Plaintiff's objection to Magistrate Judge Tinsley's order on Plaintiff's Motion to Exclude.  (ECF No. 313.)

is acting pro se and his pleadings will be afforded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. Summary Judgment Standard

The Federal Rules of Civil Procedure state that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). If there are factual issues that may reasonably be resolved in favor of either party, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

The nonmoving party bears the burden of showing there is a "genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence.'" *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). When ruling on a motion for summary judgment, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

### III.    DISCUSSION

Plaintiff asserts 16 objections to the PF&R[3]. (ECF No. 316.)   These objections are addressed below.

### A.    *The Magistrate Judge failed to conduct the required Daubert/Rule 702 gatekeeping analysis*

Plaintiff "specifically objects that the Magistrate Judge failed to conduct the required *Daubert*/Rule 702 gatekeeping analysis before rend[er]ing this PF&R." (ECF No. 316 at 1.)   In support, Plaintiff argues that Magistrate Judge Tinsley failed to apply the *Daubert* elements and improperly relied on the testimony of Defendants' expert witnesses "as their opinions are . . . unsupported by relevant medical literature." (*Id.*)   Plaintiff asserts that this "reliance on inadmissible testimony is abuse of judicial discretion." (*Id.*)

Inexplicably, Plaintiff claims that Defendants' expert witnesses' opinions are unsupported by relevant medical literature while simultaneously utilizing those same experts' opinions in support of his Motion for Partial Summary Judgment as to the Material Fact of Diagnosis of Sarcoidosis. (ECF No. 239.)   Nevertheless, Plaintiff makes this objection despite not raising a *Daubert* or Rule 702 argument in the summary judgment briefings.

Three months after summary judgment briefing was completed, Plaintiff filed a motion to exclude the testimony of Defendants' expert witnesses. (ECF No. 285.)   In that motion, Plaintiff argued that the witnesses failed to cite scientific literature in their opinions, thus rendering their opinions "unreliable and therefore inadmissible." (ECF No. 286 at 2.)   While Plaintiff couched the motion as an evidentiary issue, he sought exclusion of the expert opinions "in determining the

---

[3] Plaintiff nests some objections within other objections, so while the Court characterizes these as 16 objections, all of Plaintiff's objections are addressed below.

merits of this case" and "for considering the parties['] Motions for Summary Judgment." (ECF Nos. 285 at 4; 286 at 21.) Magistrate Judge Tinsley denied Plaintiff's motion, finding it to be untimely and an attempt to circumvent the summary judgment briefing schedule. (ECF No. 311.) Plaintiff objected to Magistrate Judge Tinsley's order, arguing again that Magistrate Judge Tinsley failed to conduct the proper analysis under *Daubert* and Rule 702. (ECF No. 313.) Upon a de novo review of the evidence presented, this Court agrees with Magistrate Judge Tinsley's order that Plaintiff's motion was untimely filed and **OVERRULES** Plaintiff's objection. (ECF No. 313.)

Although for the above-mentioned reasons this Court is not required to conduct a Rule 702 and *Daubert* analysis, because Plaintiff is proceeding pro se and his filings must be liberally construed, this Court addresses below Plaintiff's argument that Defendants' expert witnesses are unreliable because their testimony is "unsupported by relevant medical literature." (ECF No. 316 at 1.) Rule 702 permits expert testimony if that testimony is (1) helpful to the jury in understanding the evidence or determining a fact at issue; (2) based on sufficient facts or data; (3) the product of reliable principles and methods; and (4) the product of a reliable application of those principles and methods to the facts of the case. Fed. R. Evid. 702. The Fourth Circuit has articulated the "gatekeeping requirement" of trial judges to ensure expert witnesses are adhering to these principles and those of *Daubert*, specifically with respect to: (1) whether the scientific evidence proffered is reliable and valid; and (2) whether the testimony would aid the trier of fact in deciding the issues in the case. *Sardis v. Overhead Door Corp.*, 10 F. 4th 268, 281 (4th Cir. 2021). In conducting this analysis, trial judges are given "great deference" in deciding whether

5

to admit expert testimony under *Daubert*.    *United States v. Barnette*, 211 F.3d 803, 816 (4th Cir. 2000).

Because Plaintiff only argues that Defendants' experts are unreliable because their testimony is not supported by medical literature, this court need not address whether the testimony would aid the trier of fact.    Plaintiff's argument in his motion to exclude that "all four [doctors] have failed to cite to any scientific literature to support their opinions" is simply false.    (ECF No. 285 at 1.)    For example, in Dr. Jennifer Thorne's affidavit, Dr. Thorne states that she reviewed "relevant literature" and cited to multiple studies and journals in support of her opinion.    (ECF No. 249-24.)    Doctors Thomas Friberg, Edward Chen, and Michael Weinblatt also reviewed "relevant literature" in issuing their opinions.    (ECF No. 249-25, 26, 27.)    Therefore, the Court finds that Plaintiff's argument falls short and Defendants' expert witness opinions are reliable. However, *even if* the Court's analysis is incorrect and Defendants' expert witnesses should be excluded in their entirety, Plaintiff is still not entitled to judgment as a matter of law on all causes of action because Plaintiff's own expert ophthalmologist, Dr. Lefkowitz, testified that Plaintiff's treatment was reasonable and met the standard of care.    (ECF No. 248-3 at 132:17-25.) Therefore, Plaintiff's objection is **OVERRULED**.

### B.  *Objection to Magistrate Judge Tinsley's finding that a genuine dispute of fact exists as to a diagnosis of sarcoidosis*

Plaintiff objects to Magistrate Judge Tinsley's finding that there is a genuine dispute of fact regarding Plaintiff's diagnosis of Sarcoidosis, arguing that medical records show Doctors Lai and Ghorayeb diagnosed him multiple times during their course of treatment.    (ECF No. 316 at 2.) Plaintiff argues that there is "no scenario where a reasonable West Virginia jury would return a verdict allowing these Defendants to deny, in litigation, their recorded diagnoses of sarcoidosis."

6

(*Id.*)   Thus, Plaintiff asserts that Magistrate Judge Tinsley's "findings are contrary to public policy and an abuse of judicial discretion."   (*Id.*)

In support of Plaintiff's motion for summary judgment on this issue, Plaintiff points to the following: Dr. Thorne's note that states Plaintiff "had a longstanding history of uveitis secondary to sarcoidosis"; prior medical records that indicate a history of sarcoidosis; medical records from the Defendants that note sarcoidosis; and billing records.   (ECF No. 239.)   In response, Defendants argue that Plaintiff contradicts himself and mischaracterizes his medical records. Furthermore, Defendants present evidence which contradict the alleged diagnosis.   (ECF No. 261.)

Based on a review of the evidence presented, the existence of an *actual* diagnosis of sarcoidosis is unclear at best.   There are numerous inconsistencies in Plaintiff's medical records, and these inconsistencies are backed by Plaintiff's testimony.   For example, during a May 2, 2018, pulmonology visit, Plaintiff reported that he was diagnosed with sarcoidosis and was *unsure* if he received a biopsy, but at a rheumatology appointment later that year, he reported that he was diagnosed in 1993 and *never* had a biopsy.   (ECF Nos. 249-5 at 2; 101-9 at 1.)   However, in Plaintiff's amended complaint, Plaintiff alleges he was diagnosed with sarcoidosis in 2003.   (ECF No. 16 at ¶ 18.)   Further, Plaintiff's allegation in his amended complaint is contradicted by Plaintiff's testimony that he was *not* first diagnosed with sarcoidosis in 2003.   (ECF No. 248-1 at 77:19-22.)   While Plaintiff's medical records show numerous references to sarcoidosis, no evidence has been presented of a tissue biopsy confirming a sarcoidosis diagnosis.   In fact, Plaintiff's own ophthalmology expert, Dr. Lefkowitz, testified that there's nothing in Plaintiff's records that "establishes an objective diagnosis of sarcoidosis based upon testing."   (ECF No.

7

248-3 at 69:21-70:2.)  Therefore, based on the numerous inconsistencies in Plaintiff's medical records and Dr. Lefkowitz's testimony, Plaintiff is not entitled to judgment as a matter of law on this matter.   Plaintiff's objection is **OVERRULED**.

> ### C. Objection to Magistrate Judge Tinsley's Finding that Defendants' Arguments are "somehow undisputed facts"

Plaintiff argues that the PF&R is a "mishmash of 'undisputed argument' and inadmissible expert witness testimony and the Defendants' self-serving deposition excerpts."  (ECF No. 316 at 3.)   Plaintiff further argues that Magistrate Judge Tinsley's finding that four of Dr. Lai's arguments are undisputed is "abuse of discretion."  (*Id.*)  Plaintiff offers no evidence or further argument in support of this objection.  (*Id.*)

In addition to not providing any evidence or argument in support of his objection, Plaintiff's reply to Dr. Lai's response brief simply states that Plaintiff "is satisfied with the evidence and argument presented in his Motion and Memorandum of Law and makes no further reply in argument."  (ECF No. 271.)   Simply put, the reason why Magistrate Judge Tinsley characterized Dr. Lai's arguments as "undisputed" is because Plaintiff did not point to any evidence or make any defense in opposition to the arguments.   Additionally, upon a de novo review of the evidence presented, this Court agrees with Magistrate Judge Tinsley's characterization of Dr. Lai's arguments.   Nevertheless, *even if* the evidence wasn't undisputed, Plaintiff would still not be entitled to judgment as a matter of law.   Therefore, Plaintiff's objection is **OVERRULED**.

D.  *Objection that Magistrate Judge Tinsley Found a Termination of Dr. Lai's Medical Duties Through a Transfer of Care*

Plaintiff objects to Magistrate Judge Tinsley's finding that five arguments from Defendants are undisputed in relation to Dr. Lai's duty to provide care.   (ECF No. 316 at 4.)   Just as discussed above, Plaintiff did not provide any argument or evidence in support of this objection and did not file a substantive reply to Defendants' response brief.   (ECF No. 271.)   As noted, Defendants' arguments are characterized as "undisputed" because Plaintiff failed to point to any evidence refuting them.   Additionally, upon a de novo review of the evidence presented, this Court agrees with Magistrate Judge Tinsley's characterization that Dr. Lai's continuation of Plaintiff's treatment is undisputed.   Nevertheless, *even if* the evidence wasn't undisputed, Plaintiff is still not entitled to judgment as a matter of law.   Therefore, Plaintiff's objection is **OVERRULED**.

E.  *Objection to Magistrate Judge Tinsley's Finding Regarding Kruse*

Plaintiff "specifically objects" to Magistrate Judge Tinsley's finding that *Kruse v. Farrid*, 835 S.E.2d 163 (W. Va. 2019) does not support Plaintiff's position on abandonment.   Plaintiff's objection is a bit confusing, as he only briefly touches on *Kruse*, but goes on to mention the 702 gatekeeping analysis, then finishes by arguing that Magistrate Judge Tinsley's finding as to expert testimony on the standard of care is an abuse of discretion.   (ECF No. 316 at 5-8.)   Because Plaintiff's gatekeeping argument was addressed above, the Court proceeds on the remaining two arguments.

Simply put, the facts in *Kruse* are entirely dissimilar to the facts here.   835 S.E.2d at 167. In *Kruse*, the court found that Ms. Kruse terminated the physician-patient relationship when she refused further medical care and left the hospital, at which time the physician's duty to Ms. Kruse ceased.   *Id.* at 170.   Here, there is no claim that Plaintiff refused care.   Furthermore, the evidence

9

shows that Dr. Lai referred Plaintiff to other competent, board-certified ophthalmologists. (ECF Nos. 106-1 at 65, 72; 249-3 at 32:11-18; In fact, Plaintiff's own expert ophthalmology witness, Dr. Lefkowitz, testified that Dr. Lai's referral to Dr. Ghorayeb, and his subsequent treatment, were all within the standard of care. (ECF No. 248-3 at 110:4-20.) Therefore, Plaintiff is not entitled to judgment as a matter of law and Magistrate Judge Tinsley's findings were not an abuse of discretion. Plaintiff's objection is **OVERRULED**.

F. *Objection to Magistrate Judge Tinsley's Findings Regarding the Evidence on Transfer of Care*

Like the previous objection, Plaintiff objects to Magistrate Judge Tinsley's finding that there is no evidence Dr. Lai abandoned Plaintiff and failed to properly continue his treatment. (ECF No. 316 at 9.) Plaintiff argues that the evidence doesn't support the finding that "other competent ophthalmologists provided sarcoidosis monitoring and treatment and cornea service in Dr. Lai's stead." (*Id.* at 11.) In his objection, Plaintiff points to the various treatments he received after seeing Dr. Lai and argues, from his lay perspective, that the charts show he wasn't properly treated as to sarcoidosis and cornea issues. (*Id.*) Plaintiff, however, fails to point to any expert testimony which shows an abandonment or a breach in the standard of care. Furthermore, the only evidence Plaintiff points to in his motion is the expert report from Dr. Johnson, who is not an ophthalmologist and is not qualified to render standard of care opinions as to ophthalmology. (ECF No. 249-3 at 79:10-80:22.) Nevertheless, as discussed, Plaintiff is not entitled to judgment as a matter of law because Plaintiff's own expert ophthalmology witness, Dr. Lefkowitz, testified that Dr. Lai's referrals and Plaintiff's subsequent treatment were all within the standard of care. (ECF No. 248-3 at 110:4-20.) Therefore, Plaintiff's objection is **OVERRULED**.

G. *Objection that there is no Testimony to Support the Claim that Dr. Lai Breached the Standard of Care and Dr. Lefkowitz's Testimony Refutes the Notion*

Plaintiff objects to Magistrate Judge Tinsley's claim that Dr. Lefkowitz's testimony refutes the notion that Dr. Lai breached the standard of care. (ECF No. 316 at 11.) Plaintiff notes the contradiction between Dr. Lefkowitz standing by his report and his testimony that the standard of care was not breached by Dr. Lai. (*Id.*) Plaintiff argues that any discrepancy between his deposition testimony and report should be "considered by the fact-finder." (*Id.* at 12) By Plaintiff's own admission he is not entitled to judgment as a matter of law because he argues the discrepancy should be considered by the fact finder. Therefore, Plaintiff's objection is **OVERRULED**.

H. *Objection to Magistrate Judge Tinsley's Finding that Plaintiff is Required to have an Expert Witness Testify Regarding Medical Malpractice by Abandonment*

Plaintiff "specifically objects to the Magistrate Judge's finding that Plaintiff is required to have an expert witness testify regarding medical malpractice by abandonment of a physician by her patient." (ECF No. 316 at 12.) Plaintiff argues that the rule regarding expert testimony as to the standard of care is subject to exceptions and asserts that "unreasonable delay and delays that are so long that they have become an abandonment of the patient, is not within the purview of a medical expert witness." (*Id.* at 13.) Despite making this argument, Plaintiff goes on to state that "it is in the discretion of the District Court to require or not require an expert witness to testify regarding Dr. Lai's medical malpractice for failing to attend to her patient." (*Id.* at 15.) Although it appears that Plaintiff has conceded that this issue is entirely up to the discretion of the Court, this Court has conducted a de novo review anyway and has determined that Plaintiff's

medical issues are too complex for a jury to rely solely on lay testimony.    Therefore, Plaintiff's objection is **OVERRULED**.

I.    *Objection to Magistrate Judge Tinsley not Applying Phoenix v. Amonette*

Plaintiff objects to Magistrate Judge Tinsley not applying the recent holding of *Phoenix v. Amonette* in his PF&R despite noting that he would consider the ruling for the pending dispositive motions.    (ECF No. 316 at 15.)    Plaintiff argues that the omission of *Phoenix* in the PF&R was an abuse of discretion.    (*Id.*)    In his July 31, 2024 order, Magistrate Judge Tinsley granted Plaintiff's Motion for Consideration of New Law and noted that "the Court will consider the Fourth Circuit's opinion in *Phoenix*, [95] F.4th at 854, as well as the arguments set forth in the parties briefing on the instant motion . . . wherein they address the application of the *Phoenix* opinion to the deliberate indifference claims asserted by Plaintiff."    (ECF No. 298 at 3.)    While the opinion was not explicitly addressed in the PF&R, there is no indication that it was not considered as Magistrate Judge Tinsley's order states.    Regardless, this Court addresses the application of *Phoenix* de novo.

Plaintiff raises *Phoenix* for the proposition that Plaintiff isn't required to produce expert testimony to prove deliberate indifference to a serious medical need.    (ECF No. 278.)    The Fourth Circuit in *Phoenix* stated that not all Eighth Amendment deliberate indifference claims require experts because the question is handled on case-specific basis.    95 F.4th 852, 858-59 (4th Cir. 2024).    The Court summarizes the holding as: "[t]here is no per se rule that expert testimony is necessary to establish an Eighth Amendment deliberate indifference claim.    Instead, the question is whether, in the context of a particular case, the plaintiff has produced sufficient evidence—of whatever kind—to create a genuine dispute of material fact about each of the required elements."

*Id.*   Here, because Plaintiff's medical issues are complex and Plaintiff asserts that Defendants chose a wrong course of treatment, expert testimony is required to create a genuine dispute of material fact.   In this case, lay jurors are not able to determine whether the alleged treatment met the standard of care without an expert's opinion as to what Plaintiff's medical conditions required. Experts are particularly important here because Plaintiff's own ophthalmology expert, Dr. Lefkowitz, testified that Plaintiff's treatment fell within the standard of care.   (ECF No. 248-3 at 110:4-20.)   Therefore, Plaintiff's objection is **OVERRULED**.

> J.  *Objection to Magistrate Judge Tinsley not Analyzing the Unreasonable Delays of Treatment as set forth in Plaintiff's Reply to Dr. Ghorayeb*

Plaintiff "specifically objects" to Magistrate Judge Tinsley not analyzing arguments set forth by Plaintiff in his reply memorandum to Dr. Ghorayeb on the Motion for Consideration of New Opinion.   (ECF Nos. 316 at 15; 283.)   The arguments that Plaintiff claims Magistrate Judge Tinsley did not address in the PF&R were made in conjunction with Plaintiff's Motion for Consideration of New Opinion, not Plaintiff's motions for summary judgment, which were the subject of the PF&R.   (*See* ECF Nos. 277, 281, 283, 312.)   Magistrate Judge Tinsley, in fact, granted Plaintiff's Motion for Consideration of New Opinion.   (ECF No. 298.)   Magistrate Judge Tinsley was not required to address arguments made in briefing on an entirely separate motion when issuing his PF&R.   Therefore, Plaintiff's objection is **OVERRULED**.

> K.  *Objection to Magistrate Judge Tinsley's Finding that even if Expert Testimony is not Necessary, Summary Judgment is not Appropriate in light of the Evidence.*

Plaintiff objects to Magistrate Judge Tinsley's finding that summary judgment is not appropriate in light of the evidence, regardless of the requirement of expert testimony.   (ECF No. 316 at 15-16.)   While Plaintiff cites a variety of case law regarding the summary judgment

13

standard in support of his objection, it's unclear what argument Plaintiff is trying to make. Here, the evidence clearly shows that Plaintiff is not entitled to judgment as a matter of law. As repeatedly outlined, even the evidence produced by Plaintiff's own experts shows that Plaintiff is not entitled to summary judgment. Plaintiff's objection is **OVERRULED**.

> L. *Objection to Magistrate Judge Tinsley's Finding that a Reasonable Juror Could Find that the Testimony of the Expert Witnesses Establishes that Plaintiff's Treatment was Reasonable*

Plaintiff objects to Magistrate Judge Tinsley's finding that a reasonable juror could find that the testimony of Defendants' witnesses establish that Plaintiff received reasonable treatment. (ECF No. 316 at 16.) This objection is essentially a re-hash of the prior objection, but in a different form. In support of this objection, Plaintiff argues that if his experts' opinions were found to be admissible through "the required *Daubert*/Rule 702 analysis, Plaintiff would be entitled to summary judgment against Defendant Dr. Ghorayeb as Plaintiff's experts' opinions would be undisputed." Plaintiff clearly misunderstands the meaning of "undisputed," as he repeatedly ignores the contradicting evidence presented by Defendants' experts and his own experts. Then, Plaintiff re-hashes his argument regarding the *Phoenix* opinion, which is inapplicable to this case. The evidence shows that Plaintiff *certainly* is not entitled to summary judgment on the issue of deliberate indifference as evidenced by the testimony of his own experts, let alone when including the testimony of Defendants' experts. Plaintiff's objection is **OVERRULED**.

> M. *Objection that Magistrate Judge Tinsley did not Analyze a Medical Entry of Defendant Dr. Ghorayeb*

Plaintiff objects that Magistrate Judge Tinsley "did not analyze the undisputed evidence – the August 12, 2018, 11:49 a.m. medical entry of Defendant Dr. Ghorayeb" noting severe corneal

decompensation.  (ECF No. 316 at 19.)  Plaintiff argues that the entry "directly contradicts" Magistrate Judge Tinsley's finding that there is no evidence to suggest Dr. Ghorayeb was unqualified to monitor and treat Plaintiff's chronic uveitis or other conditions beyond the retina itself.  (*Id.*)  Plaintiff also argues that the entry contradicts Magistrate Judge Tinsley's finding that Dr. Lai appropriately referred Plaintiff to Dr. Ghorayeb, who was a "competent" board-certified ophthalmologist.  (*Id.*)  As this Court explained in a previous order, Plaintiff did not point to any evidence that meets the burden of deliberate indifference, but rather, only points to evidence that could *potentially* establish a violation of the standard of care as to medical malpractice.  (ECF No. 156.)  The same applies here.  Even if the report was considered in the PF&R, such evidence does not rise to meet the higher burden of deliberate indifference. However, even if the report did rise to that level, evidence raised by Defendants and Plaintiff's own experts establish that Plaintiff is not entitled to judgment as a matter of law.  Therefore, Plaintiff's objection is **OVERRULED**.

### N.  Objection that Magistrate Judge Tinsley did not Analyze a Medical Entry of Dr. Brian McMillan

Plaintiff objects that Magistrate Judge Tinsley "did not analyze the undisputed evidence, the February 26, 2019, medical entry of WVUEI ophthalmologist glaucoma specialist, Brian McMillan, M.D. noting, H/O Sarcoidosis – followed by Dr. Lai."  (ECF No. 316 at 20.)  Plaintiff argues that this entry contradicts Magistrate Judge Tinsley's finding that there was a continuation of care at the Eye Institute to address Plaintiff's ocular complaints.  (*Id.*)  It is unclear how this evidence contradicts the PF&R, as Plaintiff provides no argument in support of his contention outside of simply pointing to the entry.  Plaintiff is not entitled to judgment as a matter of law regarding the continuation of care because Plaintiff's and Defendants' experts have copious

evidence to show that the standard of care was met, and Plaintiff's treatment was continued by competent physicians after seeing Dr. Lai.   Plaintiff's objection is **OVERRULED**.

### O. Objection that Magistrate Judge Tinsley did not Analyze a Medical Entry of Doctor Amit Ladani

Plaintiff objects that Magistrate Judge Tinsley did not "analyze the undisputed evidence, the March 6, 2019, medical entry of WVU Rheumatologist Amit Ladani, M.D. noting Iridocyclitis due to Sarcoidosis" and care requiring input from Ophthalmology.   (ECF No. 316 at 20.) Plaintiff argues that this entry "directly contradicts" the finding that there was a continuation of care at the Eye Institute to address all of Plaintiff's ocular complaints.   (*Id.*)   Again, Plaintiff misunderstands the term "undisputed" and doesn't argue how, other than in a conclusory manner, that the entry contradicts Magistrate Judge Tinsley's findings.   However, even if the entry did contradict his findings, that would simply mean that Plaintiff is not entitled to judgment as a matter of law.   Therefore, Plaintiff's objection is **OVERRULED**.

### P. Objection to Magistrate Judge Tinsley's Finding that other Physicians took over Dr. Lai's Medical Duties and Ophthalmic Plan of Care

Plaintiff argues that Magistrate Judge Tinsley had no evidence before him that another ophthalmologist took up Dr. Lai's plan of care after she stopped treating Plaintiff.   (ECF No. 316 at 21.)   Plaintiff argues that the "undisputed evidence is that Dr. Lai left Plaintiff's blurry vision untreated and it worsened."   (*Id.*)   As previously discussed, this evidence is not "undisputed," and Plaintiff's and Defendants' own expert witnesses testified that the standard of care was met and Plaintiff's care was properly transferred.   Therefore, Plaintiff is not entitled to judgment as a matter of law and his objection is **OVERRULED**.

## IV.    CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Plaintiff's objections, (ECF No. 316), **ADOPTS** the PF&R, (ECF No. 312), and **DENIES** Plaintiff's motions for summary judgment.   (ECF Nos. 233, 238, 242, and 244.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        September 19, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE