## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

TIMOTHY A. JOHNSON,

                Plaintiff,

v.                                  CIVIL ACTION NO.   2:21-cv-00380

WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS, et al.,

                Defendants.

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' three motions for summary judgment: (1) Defendants Ghassan Ghorayeb, M.D., Lingo Lai, M.D., West Virginia University Board of Governors, and West Virginia University Medical Corporation (collectively, "Defendants") jointly filed their Motion for Partial Summary Judgment as to Medical Negligence Claim (ECF No. 248); (2) Defendants Ghassan Ghorayeb, M.D., and Lingo Lai, M.D. jointly filed their Motion for Partial Summary Judgment as to the 42 U.S.C. § 1983 Claim[1] (ECF No. 251), in which the remaining Defendants join; and (3) each of the Defendants jointly filed their Motion for Partial Summary Judgment as to Claims for Damages (ECF No. 253).

These motions were referred to Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. §

---

[1] Although the parties did not raise the matter, it is unclear whether § 1983 is the proper vehicle for Plaintiff's deliberate indifference claims because Defendants are contracted through the federal Bureau of Prisons.

636(b)(1)(B). (ECF No. 4.) Magistrate Judge Tinsley filed his PF&R on July 2, 2025. (ECF No. 318.) On July 18, 2025, Plaintiff filed a Motion to Exceed Page Limit and attached his objections, (ECF No. 319), which this Court **GRANTS** and deems Plaintiff's objections as timely filed[2]. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections, (ECF No. 319-1), **ADOPTS** the PF&R, (ECF No. 318), and **GRANTS** Defendants' substantive motions for summary judgment. (ECF Nos. 248, 251.) Defendants' remaining motions regarding damages are **DENIED AS MOOT**. (ECF Nos. 221, 253.) This civil action is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

## I.    BACKGROUND

A detailed recitation of the facts in this case can be found in Magistrate Judge Tinsley's previous PF&R, (ECF No. 312), and therefore need not be repeated here. The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

## II.    LEGAL STANDARD

### A.  Review of a Magistrate Judge's PF&R

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to any portion of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150

---

[2] The Court notes that Plaintiff's 64 pages of objections far exceed the Court's limit. However, because Plaintiff is proceeding pro se, the Court has given Plaintiff *significant* leeway in granting his motion.

(1985). Further, this Court need not conduct a de novo review of any "general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing the portions of the PF&R which Plaintiff has objected to, the Court will consider the fact that Plaintiff is acting pro se and his pleadings will be afforded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. Summary Judgment Standard

The Federal Rules of Civil Procedure state that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). If there are factual issues that may reasonably be resolved in favor of either party, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

The nonmoving party bears the burden of showing there is a "genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence.'" *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). When ruling on a motion for

summary judgment, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

## III. DISCUSSION

Plaintiff asserts 9 objections to the PF&R. (ECF No. 319-1.) These objections are addressed below.

### A. Objection 1: Magistrate Judge Tinsley Erred in Applying the Causation Standard for Deliberate Indifference Claims

Plaintiff argues that the "PF&R's insistence that Plaintiff must prove causation of actual damages to survive summary judgment at Rule 56 fundamentally misconstrues the applicable legal standard." (ECF No. 319-1 at 2.) Plaintiff asserts that Magistrate Judge Tinsley's findings are a "direct misapprehension" of *Phoenix v. Amonette*, 95 F.4th 852 (4th Cir. 2024). Plaintiff argues that *Phoenix* imposes a standard where the "actionable deliberate indifference claim does not require proof that the plaintiff suffered an actual injury," but rather "expose[s] the plaintiff to a substantial risk of serious harm." (*Id.*) By not applying the standard in *Phoenix*, Plaintiff argues that Magistrate Judge Tinsley imposed a heightened causation burden, which was an abuse of discretion. (*Id.*) Additionally, Plaintiff argues that his deliberate indifference claim "satisfied the redressability requirement and withstands summary judgment without proof of compensatory damages." (*Id.* at 4.)

Plaintiff fundamentally misunderstands Magistrate Judge Tinsley's finding in the PF&R. While Plaintiff is correct that the *Phoenix* court held that actionable deliberate indifference claims do not require the plaintiff to suffer an "actual injury," Magistrate Judge Tinsley never applied an increased burden requiring an "actual injury." *Phoenix*, 95 F.4th at 860-61. Rather, Magistrate Judge Tinsley correctly stated that § 1983 deliberate indifference claims require a "causal link

4

between the Defendants' challenged conduct and the Plaintiff's *injury*." (ECF No. 318 at 23.) "Injury" is a legal term which refers to the "violation of another's legal right, for which the law provides a remedy." *Black's Law Dictionary* (12th ed. 2024), *available* at Westlaw. An exposure to a substantial risk of serious harm is an injury. However, even if Magistrate Judge Tinsley incorrectly applied a heightened standard, upon a de novo review of the evidence presented, this Court finds that Plaintiff does not meet his burden for a deliberate indifference claim.

A medical deliberate indifference claim under § 1983 has an objective and subjective prong. *Phoenix*, 95 F.4th at 859. The objective prong requires the plaintiff's medical condition to be serious — "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citing *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)). The subjective prong requires showing that the defendant "had actual subjective knowledge of both the [plaintiff's] serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* As to the subjective prong, the Plaintiff is required to "produce sufficient evidence for a reasonable jury to find that [the Defendant] knew of and disregarded an excessive risk to [Plaintiff's] health or safety." *Id.* (citing *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021)) "That standard is high. Disagreements between an inmate and a physician over the inmate's proper medical care do not cut it, and evidence that might show medical malpractice is not necessarily sufficient." *Id.* (internal citations omitted). "[T]he treatment given must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Hixson*, 1 F.4th at 303 (citing *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990)). "In other words, the

plaintiff must show 'obduracy and wantonness, not inadvertence or error in good faith." *Townsend v. Azumah*, 2012 WL 3839413 (N.D. W. Va. Sep. 5, 2012) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991)).

In his objection, Plaintiff argues that "the inquiry hinges entirely on whether Dr. Lai and Dr. Ghorayeb's actions, or inactions, 'exposed the plaintiff to a substantial risk of serious harm.'" (ECF No. 319-1 at 3.) The objective prong is not in dispute here. As discussed, the subjective prong requires the Defendant to have known of and disregarded that substantial risk of serious harm. *Phoenix*, 95 F.4th at 859. This means that Plaintiff must point to evidence showing that Dr. Lai and Dr. Ghorayeb recognized, or should have recognized, that their actions or inactions were grossly incompetent and insufficient to treat Plaintiff's medical needs. Plaintiff failed to produce any such evidence.

To the contrary, the evidence shows that Defendants acted in good faith when treating Plaintiff and met the applicable standard of care. For example, Plaintiff's internal medicine expert witness, Dr. Johnson, testified that Defendants acted in good faith and in Plaintiff's best interest "as far as they knew." (ECF No. 33 at 204:3-15.) This testimony reflects the medical judgment of Defendants, and "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *see also Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("[q]uestions of medical judgment are not subject to judicial review"). Plaintiff's optometry expert, Dr. Gomez, testified that Defendants acted in good faith when providing treatment to Plaintiff. (ECF No. 251-2 at 144:7-16.) Plaintiff's ophthalmology expert, Dr. Lefkowitz, also testified that Defendants acted in good faith while treating Plaintiff. (ECF No. 251-3 at 63:12-18; 86:17-87:1.) Furthermore, Dr.

Lefkowitz testified that Defendants met the standard of care when treating Plaintiff, which is a higher burden than required for deliberate indifference claims. (*Id.* at 132:17-25.) Therefore, there is no genuine dispute of material fact as to the second prong of deliberate indifference, and Defendants are entitled to judgment as a matter of law. Plaintiff's objection is **OVERRULED**.

B. *Objection 2: Magistrate Judge Tinsley Committed an Abuse of Discretion by Characterizing Plaintiff's Claims as "mere Disagreements About the Proper Course of Treatment"*

Plaintiff objects to Magistrate Judge Tinsley's finding that the testimony from Plaintiff's non-ophthalmology experts, Dr. Johnson and Dr. Gomez, shows a mere disagreement about the proper course of treatment. (ECF No. 319-1 at 6.) Plaintiff argues that this finding is an abuse of discretion, directly contradicts the law of the case, and misapplies the standard for deliberate indifference. (*Id.*) In support of his objection, Plaintiff provides an excerpt from this Court's Memorandum Opinion and Order denying Defendants' motion to dismiss, which stated that Plaintiff's allegations did not demonstrate a mere disagreement. (*Id.* at 7.) Plaintiff also asserts that Magistrate Judge Tinsley improperly relied on the ruling in *Hixson v. Moran* and again raises his argument regarding *Phoenix*. (*Id.* at 8.)

Plaintiff's argument regarding this Court's previous Memorandum Opinion and Order falls short. This Court's prior finding that "the factual allegations contained in Plaintiff's Amended Complaint do not demonstrate a mere disagreement with a physician's course of treatment" was based *solely* on the allegations contained in the Amended Complaint at the time of the motion to dismiss. (ECF No. 83 at 17.) At the summary judgment stage, rulings are based on the evidence presented, not the allegations. Plaintiff cannot point backwards to an opinion based solely on allegations as evidence that there is a genuine dispute of material fact.

7

Further, Plaintiff argues that Magistrate Judge Tinsley's "reliance on *Hixson v. Moran* is inapposite" because Plaintiff's claim is not based on a mere disagreement, but on "medically unreasonable delays in critical treatment, which, as previously determined by this Court, demonstrate a course of conduct rising to the level of deliberate indifference." (ECF No. 319-1 at 7.)   First, this Court made no such determination, as the prior Memorandum Opinion and Order was based solely on Plaintiff's allegations, not on evidence. (*See* ECF No. 83.)   Second, Magistrate Judge Tinsley did not rely on *Hixson v. Moran* in determining that the evidence shows a disagreement over care, but rather, used the case to cite the proper legal standards for § 1983 medical deliberate indifference cases. (*See* ECF No. 318 at 22.)   As for Plaintiff re-hashing his argument regarding *Phoenix* that he only needs to demonstrate that he was exposed to a substantial risk of serious harm, rather than actual injury, as discussed in Objection #1, this argument fails.

Additionally, upon a de novo review of the evidence presented, and as discussed in Objection #1, there is no evidence that shows Defendants' treatment of Plaintiff rises to the level of deliberate indifference or medical malpractice. Plaintiff asserts, through his own lay characterization of his medical records, that this is about an unreasonable delay in treatment, not a disagreement over treatment plans. (ECF No. 319-1 at 8.)   However, the best evidence in support of Plaintiff's claim regarding an unreasonable delay is Dr. Johnson's testimony that she "feel[s] that had there been more coordination of care between all the specialists and the primary [care] physicians, I feel that the decompensation . . . of [Plaintiff's] medical condition wouldn't have gotten to the point where it did, where [Plaintiff] required emergency surgery." (ECF No. 249-23 at 293:2-10.)   Dr. Johnson's "feel[ing]" regarding treatment coordination does not remotely rise to the level of deliberate indifference. Furthermore, Dr. Johnson, an internal medicine

physician, does not have specialized training in ophthalmology and deferred to Dr. Lefkowitz's opinion regarding ophthalmology. (*Id.* at 86:11-87:19.) Dr. Lefkowitz testified that Defendants met the standard of care when treating Plaintiff, which is a higher burden than required for deliberate indifference claims. (251-3 at 132:17-25.) In fact, every board-certified ophthalmologist expert in this case (Doctors Thorne, Friberg, and Lefkowitz) testified that Defendants met the standard of care. (*Id.*; ECF No. 251-34, 35.) Therefore, Plaintiff's objection is **OVERRULED**.

C. *Objection 3: Magistrate Judge Tinsley Abused his Discretion by Misapplying the Summary Judgment Standard and Failing to Properly Conduct a Rule 702 Gatekeeping Analysis*

Plaintiff argues that Magistrate Judge Tinley "committed an abuse of discretion by failing to adhere to the fundamental principles of Rule 56 summary judgment and the gatekeeping requirements of Federal Rule of Evidence 702." (ECF No. 319-1 at 8.) Plaintiff claims that rather than assessing the admissibility of Plaintiff's expert testimony, Magistrate Judge Tinsley "improperly weighed evidence or dismissed Plaintiff's expert opinions without the requisite *Daubert* analysis." (*Id.*) In support of this, Plaintiff provides excerpts of his expert witnesses' qualifications. (*Id.* at 9-24.) Plaintiff argues that if Magistrate Judge Tinsley would have conducted the Rule 702 analysis, then he "would have had both a factual and scientific/medical understanding of Plaintiff's claims by and through the notes and testimony of Plaintiff's medical and optometric experts." (*Id.* at 24.)

The purpose of an analysis under *Daubert* and Rule 702 is to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Sommerville v. Union Carbide Corp.*, 2025 WL 2383496 at *7 (4th Cir. Aug. 18, 2025) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993)). Plaintiff argues that if this analysis was conducted, then Magistrate

Judge Tinsley would not have improperly weighed evidence or dismissed Plaintiff's experts. However, neither of those things occurred. First, a full *Daubert* inquiry was unnecessary at this stage. Neither party argued in their motions for summary judgment that the opposing experts should be unqualified for any reason. Furthermore, Magistrate Judge Tinsley never excluded any testimony of Plaintiff's expert witnesses, nor did he consider their opinions to be irrelevant or unreliable. While Magistrate Judge Tinsley did discuss Dr. Johnson's testimony regarding her "feelings" about the coordination of Plaintiff's care, Magistrate Judge Tinsley emphasized that Dr. Johnson herself conceded that she was not an ophthalmology expert. (ECF No. 318 at 13.) "While a physician does not have to be board certified in a specialty to qualify to render an expert opinion, the physician must have some experience or knowledge on which to base his or her opinion." *Farley v. Shook*, 629 S.E.2d 739, 746 (S.D. W. Va. 2006.) Second, Magistrate Judge Tinsley did not improperly weigh the evidence either – he simply examined what objective evidence was presented by each party and determined, based on that evidence, whether a genuine dispute of material fact existed.

However, even if Magistrate Judge Tinsley did improperly weigh the evidence, upon a de novo review, there is no evidence showing a genuine dispute of material fact, and Defendants are entitled to judgment as a matter of law. "Under binding Fourth Circuit precedent, for the question of causation to reach the jury in a medical malpractice case, a medical expert's causation opinion must rise[ ] to the level of a reasonable degree of medical certainty that it was more likely that the defendant's negligence was the cause than any other cause." *Riggins v. SSC Yanceyville Operating Co., LLC*, 800 F.App'x 151, 155 (4th Cir. 2020) (internal quotations omitted). Furthermore, "[i]t is well-settled that a plaintiff may not avoid summary judgment by submitting

10

contradictory evidence." *Williams v. Genex Services, LLC*, 809 F.3d 103, 110 (4th Cir. 2015). "To do so 'would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'" *Id.* (citing *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)).

As conceded by Dr. Johnson, she is not qualified to render opinions relating to ophthalmology and stated that Dr. Lefkowitz would have superior and more reliable opinions on that topic. (ECF No. 249-23 at 86:11-87:19.) Furthermore, while Dr. Johnson is an internal medicine physician and is qualified to render opinions on the coordination of care, those opinions still must "rise[ ] to the level of a reasonable degree of medical certainty." *Riggins*, 800 F.App'x at 155. Dr. Johnson's statement that:

> "I still feel that had there been more coordination of care between all the specialists and the primary [care] physicians, I feel that the decompensation . . . of [Plaintiff's] medical condition wouldn't have gotten to the point where it did, where [Plaintiff] required emergency surgery"

does not rise to the level of a reasonable degree of medical certainty. (ECF No. 249-23 at 293:2-10.) Additionally, Dr. Johnson deferred to Dr. Lefkowitz's opinion on matters of ophthalmology, and Dr. Lefkowitz testified that Defendants met the standard of care for all treatment that Plaintiff received. (ECF No. 249-33 at 132:17-25.) Even if one doesn't consider Dr. Johnson's testimony as a deferral to Dr. Lefkowitz, "a plaintiff may not avoid summary judgment by submitting contradictory evidence." *Williams*, 809 F.3d 103 at 110. As Magistrate Judge Tinsley correctly pointed out, "[e]very board-certified ophthalmologist who either treated Plaintiff and/or provided expert testimony in this case opined that the ophthalmologists at the Eye Institute met the standard of care in their treatment of Plaintiff's chronic eye conditions." (ECF Nos. 249-3 at 132:17-25; 249-13 at 5:21-22; 249-18 at 6:5-123; 249-21 at 11; 249-34 at 5; 249-35 at 3; 249-36 at 5-6; 249-

37 at 5.)   Plaintiff has not produced sufficient evidence to establish a genuine dispute of material

fact and overcome summary judgment.   Therefore, Plaintiff's objection is **OVERRULED**.

D. *Objection 4: Magistrate Judge Tinsley Erred and Abused Discretion by Improperly Weighing Evidence, Making Credibility Determinations, and Failing to Apply the Correct Standard for Expert Testimony at the Summary Judgment Stage*

Plaintiff argues that Magistrate Judge Tinsley improperly weighed evidence and made

determinations of credibility in favor of Defendants' experts by accepting the opinions of Dr. Chen

and Dr. Weinblatt regarding sarcoidosis.   (ECF No. 319-1 at 25-26.)   Plaintiff argues that Dr.

Chen's opinions are unsupported by medical literature and asserts that Magistrate Judge Tinsley

"refused to rule on" his motion to exclude.   (*Id.* at 28.)   Further, Plaintiff again argues that

Magistrate Judge Tinsley impermissibly weighed Dr. Johnson's testimony and "ignored Dr.

Lefkowitz's subsequent direct examination by Plaintiff."   (*Id.* at 29.)

As discussed in relation to previous objections, Magistrate Judge Tinsley did not

impermissibly weigh Dr. Johnson's testimony or make credibility determinations, nor did he apply

an incorrect standard for summary judgment.   Furthermore, Plaintiff's argument regarding

Magistrate Judge Tinsley "refus[ing] to rule on" his motion to exclude is incorrect.   Three months

after summary judgment briefing was completed, Plaintiff filed a motion to exclude the testimony

of Defendants' expert witnesses.   (ECF No. 285.)   In that motion, Plaintiff argued that

Defendants' witnesses failed to cite scientific literature in their opinions, thus rendering their

opinions "unreliable and therefore inadmissible."   (ECF No. 286 at 2.)   While Plaintiff couched

the motion as an evidentiary issue, he sought exclusion of the expert opinions "in determining the

merits of this case" and "for considering the parties['] Motions for Summary Judgment."   (ECF

Nos. 285 at 4; 286 at 21.)   Magistrate Judge Tinsley denied Plaintiff's motion, finding it to be

untimely and an attempt to circumvent the summary judgment briefing schedule.   (ECF No. 311.)
Plaintiff objected to Magistrate Judge Tinsley's order, arguing again that Magistrate Judge Tinsley
failed to conduct the proper analysis under Daubert and Rule 702.   (ECF No. 313.)

Upon de novo review, this Court agrees with Magistrate Judge Tinsley's order that
Plaintiff's motion was untimely filed.   Additionally, Plaintiff failed to argue in his summary
judgment briefings that Defendants' experts were unqualified or rendered unreliable opinions.
However, even if Magistrate Judge Tinsley was required to analyze Defendants' qualifications and
opinions, Plaintiff's assertion that Defendants' experts did not cite medical literature is patently
false.   For example, in Dr. Jennifer Thorne's affidavit, Dr. Thorne states that she reviewed
"relevant literature" and cited to multiple studies and journals in support of her opinion.   (ECF
No. 249-24.)   Doctors Thomas Friberg, Edward Chen, and Michael Weinblatt also reviewed
"relevant literature" in issuing their opinions.   (ECF No. 249-25, 26, 27.)   Therefore, the basis of
Plaintiff's motion fails.

As it relates to Plaintiff's argument that Magistrate Judge Tinsley "ignored Dr. Lefkowitz's
subsequent direct examination by Plaintiff," this is just another contradiction of his own evidence.
Dr. Lefkowitz clearly testified that Defendants met the standard of care during all of Plaintiff's
treatment.   (ECF No. 251-3 at 132:17-25.)   Subsequently, Dr. Lefkowitz testified that he stands
by his previous expert report which stated that Dr. Lai's delay in treatment caused organ damage.
(*Id.* at 139:21-23; 140:12-19.)   As previously discussed, "a plaintiff may not avoid summary
judgment by submitting contradictory evidence."   Williams, 809 F.3d 103 at 110.   Furthermore,
it should be noted that it appears Plaintiff does not trust his own expert witness's testimony.
During the deposition of Dr. Johnson, Plaintiff claimed that Dr. Lefkowitz "committed perjury."

(ECF No. 249-23 at 86:22-87:3.)   In doing so, it appears Plaintiff attempted to downplay Dr. Lefkowitz's testimony in exchange for bolstering Dr. Johnson's testimony.   Regardless, this Court does not take that into account as it would be an impermissible credibility determination. Based on a de novo review, Plaintiff's evidence simply does not rise to the level of a reasonable degree of medical certainty and is plainly contradictory.   Therefore, a genuine dispute of material fact does not exist as to medical malpractice or deliberate indifference, and Defendants are entitled to judgment as a matter of law.   Plaintiff's objection is **OVERRULED**.

E. *Objection 5: Magistrate Judge Tinsley Failed to Conduct the Required 702 Analysis and Allowed Defendants' Counsel to Engage in Unprofessional Conduct*

Plaintiff argues that Defendants' counsel "improperly attempted to gain an unfair advantage in this civil matter by threatening the professional licenses and organizational memberships of Plaintiff's expert witnesses."   (ECF No. 319-1 at 39.)   Plaintiff argues that those tactics violated ethical rules and criminal statutes and undermined the integrity of the litigation. (*Id.*)   Plaintiff further argues that the "threats and intimidation tactics" would have been "readily apparent on Rule 702 review."   (*Id.* at 43.)

It is unclear what Plaintiff is attempting to assert when arguing that a Rule 702 review would have resolved the alleged intimidation tactics.   That is not the purpose of a Rule 702 review, and as previously discussed, such review was not necessary.   Additionally, Plaintiff's arguments regarding alleged intimidation tactics are irrelevant at the summary judgment stage – those are separate disputes.   Magistrate Judge Tinsley was not required to address these alleged intimidation tactics in his PF&R, so his failure to include them was not an abuse of discretion. Simply put, Plaintiff's arguments are not a matter relating to summary judgment.   Therefore, Plaintiff's objection is **OVERRULED**.

14

F.  *Objection 6: Magistrate Judge Tinsley Erred and Abused Discretion by Improperly Relying on Expert Witness Testimony Regarding Defendants' State of Mind and Good Faith*

Plaintiff argues that Magistrate Judge Tinsley "committed judicial error and [abused] discretion by relying on medical expert witnesses' opinion testimony regarding the state of mind of Dr. Lai and Dr. Ghorayeb, specifically concerning whether these Defendants acted in 'good faith' as to both medical malpractice and deliberate indifference claims." (ECF No. 319-1 at 44.) Plaintiff argues that Magistrate Judge Tinsley's "reliance on expert testimony, from either party, regarding Defendants' 'good faith' or 'conscious disregard' is a clear abuse of discretion and a misapplication of Federal Rule of Evidence 702." (*Id.* at 45.) Plaintiff argues that the state of mind of a defendant, including issues of "good faith" or "conscious disregard" are factual questions for the jury in deliberate indifference cases. (*Id.*)

While Plaintiff is correct that expert testimony regarding a party's state of mind can be improper, in medical deliberate indifference cases the Plaintiff still must show that the defendant "had actual subjective knowledge of both the [plaintiff's] serious medical condition and the excessive risk posed by the official's action or inaction." *Phoenix*, 95 F.4th at 859. The Supreme Court has held that when determining an official's subjective state of mind under the deliberate indifference element of an Eighth Amendment claim, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). "In general, good-faith efforts to remedy the plaintiff's problems will prevent finding deliberate indifference, absent extraordinary circumstances." *Koon v. North Carolina*, 50 F.4th 398, 407 (4th Cir. 2022). Here, the issue is not about the experts' testimony about Defendants' "state of mind" as to good faith, but whether Defendants' actions in treating Plaintiff

were "good-faith efforts to remedy" his medical problems. Whether Defendants' treatment of Plaintiff was in good faith requires examining the treatment Plaintiff received, and as every expert witness has testified, such treatment was indeed in good faith. Furthermore, good faith is one of many cornerstones when it comes to the subjective prong of deliberate indifference claims. As noted, every board-certified ophthalmologist testified that the standard of care was met. (ECF Nos. 249-3 at 132:17-25; 249-13 at 5:21-22; 249-18 at 6:5-123; 249-21 at 11; 249-34 at 5; 249-35 at 3; 249-36 at 5-6; 249-37 at 5.) Deliberate indifference cases have an even higher burden than meeting the standard of care, and Plaintiff has not produced any evidence to meet that higher burden. Therefore, even if the Court cannot rely on the expert testimony regarding Defendants' good faith efforts, the evidence still shows that there is not a genuine dispute of material fact regarding the subjective prong, and Defendants are entitled to summary judgment as a matter of law. Plaintiff's objection is **OVERRULED**.

G. *Objection 7: Magistrate Judge Tinsley Erred and Abused Discretion by Failing to Consider Plaintiff's Evidence of "Whatever Kind"*

Plaintiff argues that Magistrate Judge Tinsley "improperly weighed evidence and made impermissible credibility determinations, particularly by overlooking the totality of Plaintiff's evidence, including the Defendants' 'own words' and documented unexplained medical delays." (ECF No 319-1 at 47.) Plaintiff states that "deliberate indifference can be shown through circumstantial evidence and failures to provide adequate care, even if some treatment was rendered." (*Id.*) Plaintiff argues that the PF&R "disproportionately rel[ies] on Defendants' expert opinions while dismissing crucial evidence demonstrating unreasonable delays and a breakdown in care coordination." (*Id.* at 47-48.) In support of this, Plaintiff points to his own affidavit regarding his changing medical condition and medical notes from Defendants. (*Id.* at

16

50-53.)  Plaintiff also argues that because *Phoenix* held that some deliberate indifference cases don't require expert testimony, his own words should have been considered.  (*Id.* at 47.)

In *Phoenix*, the Fourth Circuit held that "[t]here is no per se rule that expert testimony is necessary to establish an Eighth Amendment deliberate indifference claim.  Instead, the question is whether, in the context of a particular case, the plaintiff has produced sufficient evidence—of whatever kind—to create a genuine dispute of material fact about each of the required elements." 95 F.4th at 858-59.  In that case, Fourth Circuit found that the plaintiff can "use [the defendant's] own words and actions to show that [he] believed the appropriate treatment for celiac disease was a gluten free diet."  *Id.* at 860.  The court in *Phoenix* found that expert testimony was not required because the plaintiff produced evidence "from which a reasonable jury could conclude [the defendant] knew of [plaintiff's] celiac disease and disregarded the excessive risk it posed to his health or safety by failing to respond reasonably."  *Id.* at 859-60.

As previously discussed, Magistrate Judge Tinsley did not improperly weigh evidence or make credibility determinations – he simply reviewed what objective evidence was presented and determined whether a genuine dispute of material fact existed.  As it pertains to Plaintiff's argument regarding *Phoenix*, just as stated in the PF&R, "[u]nlike the physician in *Phoenix*, the testimony of Dr. Lai and Dr. Ghorayeb showed that they believed their treatment of the Plaintiff was appropriate under the circumstances."  (ECF No. 318 at 22-3.)  Furthermore, Plaintiff's medical conditions are much more complex than celiac disease, which only requires a gluten-free diet, whereas Plaintiff's course of treatment is not within the knowledge of a lay juror.

The basis for Plaintiff's argument that improper delays occurred is his own lay characterization of the medical records and his personal interpretation of the expert opinions.

17

(ECF No. 319-1 at 53-57.)   Plaintiff points to Dr. Ghorayeb and Dr. Lai's medical records as Defendants' "own words" that Magistrate Judge Tinsley did not take into consideration.   (*Id.*)   In briefing, Plaintiff also pointed to instances where he personally believed his treatment was below the standard of care, particularly an alleged delay in care from the time of his first emergency department visit on June 22, 2018, to his follow-up office visit with Dr. Ghorayeb on July 3, 2018. (ECF No. 264 at 34-35).   As addressed in the PF&R, these lay characterizations do not comport with the testimony of Plaintiff's or Defendants' expert witnesses.   As noted in *Phoenix*, "the question is whether, in the context of a particular case, the plaintiff has produced sufficient evidence—of whatever kind—*to create a genuine dispute of material fact about each of the required elements*."   95 F.4th at 858-59 (emphasis added).   Upon a de novo review of the evidence presented by Plaintiff, including his personal testimony and Defendants' own words, Plaintiff has not produced sufficient evidence to create a genuine dispute of material fact. Plaintiff's lay characterization of the medical records and his own condition do not create a genuine dispute of material fact – issues surrounding the standard of care regarding Plaintiff's complex medical conditions can only be resolved by expert testimony.   As previously discussed, every board-certified ophthalmologist testified that the standard of care was met.   (ECF Nos. 249-3 at 132:17-25; 249-13 at 5:21-22; 249-18 at 6:5-123; 249-21 at 11; 249-34 at 5; 249-35 at 3; 249-36 at 5-6; 249-37 at 5.)   Furthermore, the only experts identified in the care and treatment of sarcoidosis also testified that Defendants met the standard of care.   (ECF No. 249-26 at 7; 249-27 at 8.)   Therefore, even after including Plaintiff's and Defendants' "own words," there is not a genuine dispute of material fact and Defendants are entitled to summary judgment as a matter of law.   Plaintiff's objection is **OVERRULED**.

18

H.  *Objection 8: Magistrate Judge Tinsley Failed to Consider Plaintiff's Evidence of Prisoner Bias as Circumstantial Proof of Defendants' Culpable State of Mind*

Plaintiff argues that Magistrate Judge Tinsley "committed an abuse of discretion" by failing to consider Plaintiff's evidence demonstrating "prisoner bias" and its impact on the quality and timeliness of his medical care.   (ECF No. 319-1 at 57.)   Citing *Phoenix*, Plaintiff argues that such evidence is "critical for establishing Defendants' state of mind, which . . . can be proved through circumstantial evidence."   (*Id.*)   In support of his argument, Plaintiff points to testimony from Dr. Johnson and Dr. Gomez that states Plaintiff was subjected to prisoner discrimination, and testimony from Dr. Lefkowitz that states Eye Institute administrative staff were negligent in failing to schedule Plaintiff to see an ophthalmologist after Dr. McMillan made a referral to Dr. Kesen for a uveitis check.   (*Id.* at 58-9.)   Confusingly, Plaintiff is now pointing to the testimony of his expert witnesses to establish Defendants' state of mind as to prisoner bias, despite arguing in Objection 6 that doing so is judicial error.   Regardless, it was unnecessary for Magistrate Judge Tinsley to review the allegations of prisoner discrimination because the evidence shows Defendants met the standard of care in the first place.   If the standard of care was met and Plaintiff was not exposed to a substantial risk of serious harm, Plaintiff's prisoner status is irrelevant.

However, even if Magistrate Judge Tinsley was required to address Plaintiff's allegations of prisoner bias, upon a de novo review of the evidence, Plaintiff still does not present sufficient evidence to establish a genuine dispute of material fact regarding Defendants' subjective intent. Although Plaintiff points to statements made in Dr. Johnson's report, Dr. Johnson testified that Plaintiff was never turned away from care or treatment at the Eye Institute based on his status as a prisoner, and agreed that every time Defendants saw Plaintiff for treatment, he was evaluated by a board-certified ophthalmologist who obtained a history, performed a clinical examination,

19

formulated a treatment plan, and executed the treatment plan in good faith.   (ECF No. 251-33 at 202:22-25; 203:1-13.)   Furthermore, Plaintiff's expert witness optometrist, Dr. Gomez, testified that Defendants did not deny treatment or surgery to Plaintiff based on his prisoner status, and conceded that he was not qualified to render opinions on the topic of discrimination.   (ECF No. 251-2 at 142:18-23; 6:15-24; 7:5-14.)   Dr. Gomez's basis for the alleged discrimination was delayed care, however, in his deposition he later conceded that WVU did not control Plaintiff's healthcare, as ultimate control rested with the Bureau of Prisons. (*Id.* at 81:7-13.)   The evidence simply does not show that discrimination based on Plaintiff's prisoner status occurred.   However, even if it did, Plaintiff's witnesses testified that Defendants' care was not reckless or indifferent, and Dr. Lefkowitz even testified that Plaintiff's treatment met the standard of care.   (ECF No. 249-33 at 132:17-25.)   Furthermore, each of Defendants' experts testified that the standard of care was met.   (ECF Nos. 249-3 at 132:17-25; 249-13 at 5:21-22; 249-18 at 6:5-123; 249-21 at 11; 249-34 at 5; 249-35 at 3; 249-36 at 5-6; 249-37 at 5.)   Therefore, a genuine dispute of material fact does not exist, and Defendants are entitled to judgment as a matter of law.   Plaintiff's objection is **OVERRULED**.

I.   *Objection 9: Magistrate Judge Tinsley Failed to Consider Plaintiff's Evidence of Prisoner Bias as Circumstantial Proof of Defendants' Culpable State of Mind*

Plaintiff argues that Magistrate Judge Tinsley "committed an abuse of discretion by failing to consider Plaintiff's evidence demonstrating prisoner bias and its impact on the quality and timeliness of his medical care."   (ECF No. 319-1 at 57.)   Plaintiff asserts that plaintiffs can produce circumstantial evidence to prove the subjective prong of a deliberate indifference claim. (*Id.*)   Plaintiff argues that "[e]vidence of systemic biases that lead to a disregard for a prisoner's serious medical needs is precisely the type of circumstantial evidence relevant to this prong."

(*Id.*)  In support of his argument, Plaintiff points to the same evidence of alleged bias in Objection 8.  (*Id.* at 58-63.)  Plaintiff argues that Magistrate Judge Tinsley's "disregard of this expert testimony and the supporting factual context constitutes a failure to consider 'evidence of whatever kind' that is directly relevant to establishing Defendants' subjective state of mind and their alleged deliberate indifference.  (*Id.* at 62-63.)

It is unclear how this objection is any different from Objection 8.  Plaintiff makes the same arguments and points to the same evidence for the contention that Magistrate Judge Tinsley failed to consider evidence regarding prisoner bias.  As this Court noted in its discussion of Objection 8, Magistrate Judge Tinsley did not err in his PF&R on this point.  However, even if he did, as reviewed de novo in Objection 8, Plaintiff does not point to sufficient evidence that there is a genuine dispute of material fact regarding deliberate indifference, and Defendants are entitled to Judgment as a matter of law.  Therefore, Plaintiff's objection is **OVERRULED**.

## IV.    CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Plaintiff's objections, (ECF No. 319-1), **ADOPTS** the PF&R, (ECF No. 318), and **GRANTS** Defendants' substantive motions for summary judgment. (ECF Nos. 248, 251.)  Defendants' remaining motions regarding damages are **DENIED AS MOOT**.  (ECF Nos. 221, 253.)  This civil action is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        September 19, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE