**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TIMOTHY A. JOHNSON,

Plaintiff,

v. CIVIL ACTION NO. 2:21-cv-00380

WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS, et al.,

Defendants.

# ORDER

This matter is before the Court on three motions for joinder filed by Defendant West Virginia University Medical Corporation d/b/a University Health Associates, identified by Plaintiff as the West Virginia Eye Institute ("Defendant" or the "Eye Institute"). (ECF Nos. 365; 366; 367). First, the Eye Institute seeks to "join in West Virginia University Board of Governors, Ghassan Richard Ghorayeb, M.D., and Lingo Lai, M.D.'s Response in Opposition to Plaintiff's Motion for Expedited Show Cause Hearing and Expedited Production of Metadata." (ECF No. 365) (citing ECF No. 364). Next, the Eye Institute seeks to join in West Virginia University Board of Governors, Ghassan Richard Ghorayeb, M.D., and Lingo Lai, M.D.'s Response in Opposition to Plaintiff's Motion for an Indicative Order, Order to Show Cause, and Targeted Attorney Show-Cause Proceedings. (ECF No. 366) (citing ECF No. 363). Third and finally, the Eye Institute seeks to "join in West Virginia University Board of Governors, Ghassan Richard

Ghorayeb, M.D., and Lingo Lai, M.D.'s Response in Opposition to Plaintiff's Motion to Compel Production of Native Files, System-Level Metadata, and Corporate-Chain Communications, and to Identify the Undisclosed Members of the "Chen Team", Under Fed. R. Civ. P. 26(a)(2)(B) and the Crime-Fraud Exception." (ECF No. 367) (citing ECF No. 362).

Plaintiff objected to the Eye Institute's motions to join in the response briefs of Defendants West Virginia University Board of Governors, Ghassan Richard Ghorayeb, M.D., and Lingo Lai, M.D. (ECF No. 369). According to Plaintiff, the appropriate "baseline institutional response would be to submit sworn testimony from billing custodians, compliance officers, and in-house counsel explaining how the Eye Institute's billing practices, record systems, and clinical operations comported with federal program requirements and applicable standards of care." *Id.* at 4. Because the Eye Institute merely joined in the other Defendants' responses, Plaintiff asserts that "they effectively concede that the litigation script is being written by BRIM/AIG's claims-denial strategy rather than [the Eye Institute's] own risk-management apparatus." *Id.* Plaintiff argues that the Eye Institute's counsel thus violated Rule 5.4(c) of the West Virginia Rules of Professional Conduct, which—according to Plaintiff—provides that "a lawyer for a corporation may not permit an insurer or other third-party payer to direct or regulate the lawyer's professional judgment to the detriment of the client's independent interests." *Id.* at 5. Further, Plaintiff argues that, "[b]y failing to articulate any institution-specific privilege assertions, burdens, or factual bases for resisting metadata, native-file, corporate-chain-communication, and expert-correspondence production, [the Eye Institute] has not met its burden" under the Federal Rule of Civil Procedure to "describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner

that enables the Court and other parties to assess the claim." *Id.* at 6 (quoting in part Fed. R. Civ. P. 26(b)(5)(A)(ii)). Plaintiff also argues that the Eye Institute failed to comply with "Rule 26(g), which requires that objections and responses be signed only after a reasonable inquiry and that they be consistent with the rules and neither unreasonable nor unduly burdensome or expensive." *Id.*

First, Plaintiff's reliance upon Rule 5.4(c) of the West Virginia Rules of Professional Conduct is specious. According to Plaintiff, the Eye Institute's counsel violated Rule 5.4(c) by seeking to "bind [the Eye Institute] to bare joinders," because "a lawyer for a corporation may not permit an insurer or other third-party payer to direct or regulate the lawyer's professional judgment to the detriment of the client's independent interests." (ECF No. 369 at 5). The Rule referenced by Plaintiff provides that "[a] lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services." W. Va. R. Professional Conduct 5.4(c). Plaintiff's objection to joinder on this basis is founded on nothing but speculation and conjecture. Plaintiff's mere speculation is fundamentally inadequate to justify the extreme measure of disqualification. *See Jackson v. Dickens*, 5:25-cv-534, 2026 WL 579576, at *5 (S.D.W. Va. Mar. 2, 2026) (citing *Aetna Cas. & Surety Co. v. United States*, 570 F.2d 1197, 1200-01 (4th Cir. 1978) (requiring that the district court find an "actual conflict," not just a speculative conflict, before disqualifying counsel)). Moreover, Plaintiff fails to set forth any legal authority supporting his position or demonstrating that Plaintiff has standing to seek disqualification on this basis. Accordingly, his objection on this basis is overruled.

Furthermore, with respect to his remaining arguments, Plaintiff misapprehends the appropriate standard for the Court's review of the Eye Institute's request to join in his

co-defendants' response briefs. The Court has broad discretion to grant a party's request to join in briefing on a motion with a co-party or even to "incorporate by reference any additional grounds, or additional arguments . . . submitted by any other [party] in [a] civil action." *Evans v. Blair*, 6:24-cv-4278, 2025 WL 1566625, at *1 n.2 (D.S.C. June 3, 2025). *See also Jones v. Wills*, 20-cv-1128, 2022 WL 159277, at *1 (S.D. Ill. Jan. 18, 2022) (permitting a defendant's request to join in a co-defendant's pending motion for summary judgment); *Bates v. Bd. of Regents of N. New Mexico Cmty. Coll.*, 699 F. Supp. 1489, 1496 (D.N.M. 1988) (granting co-defendants' motion to join in the other defendants' motion for summary judgment as proper exercise of a trial court's discretion); *Bangert v. Harris*, 553 F. Supp. 235, 237 (M.D. Pa. 1982) ("[W]e are permitting Proctor to join in Harris' motions to dismiss and for a more definite statement.").

Plaintiff's basis for arguing that joinder is impermissible is premised upon discovery principles. However, discovery in this matter closed on October 13, 2023. (*See* ECF Nos. 136; 312 at 17). As such, the Eye Institute was under no obligation to produce discoverable information or otherwise describe the information not produced under Rule 26(b)(5)(A)(ii). For the same reason, the Eye Institute was not under any obligation under Rule 26(g); the Eye Institute's joinders in its co-defendants' response briefs to various post-judgment motions does not constitute a discovery response, and its joinder motions therefore were not subject to Rule 26(g). While Plaintiff maintains in various post-judgment motions that he is entitled to discovery at this late stage of the litigation, those motions remain pending. Unless and until the Court grants the relief Plaintiff seeks, the Eye Institute is under no obligation to supply Plaintiff with post-judgment discovery—particularly where Plaintiff, not the Defendants, carries the burden to demonstrate that post-judgment relief is appropriate. Moreover, in light of Plaintiff's failure to point to any

legal authority finding joinder improper in this context, his objection must be **OVERRULED**.

Accordingly, **IT IS ORDERED** that the Eye Institute's motions (ECF Nos. 365; 366; and 367) are hereby **GRANTED**.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to **TERMINATE** ECF Nos. 365; 366; and 367; and to **TRANSMIT** a copy of this Order to counsel of record and any unrepresented party.

ENTERED: September 28, 2026

Dwane L. Tinsley
United States Magistrate Judge